The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PLAYTIKA, LTD., an Israeli limited company, and CAESARS INTERACTIVE ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>*Defendants*. | **PLAINTIFFS' CONSOLIDATED SURREPLY PURSUANT TO LOCAL RULE 7(g)**<br><br>No. 3:18-cv-05277-RBL |
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>HUUUGE, INC., a Delaware corporation,<br><br>*Defendant*. | No. 3:18-cv-05276-RBL |

PLS.' CONSOLIDATED SURREPLY
2:18-cv-00525-RBL; 3:18-cv-05277-RBL; 3:18-cv-05276-RBL - i

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue Suite 2200
Seattle Washington 98101
EL 206 682 5600 • FAX 206 682 2992

| | |
|---|---|
| ADRIENNE BENSON and MARY SIMONSON, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br> v.<br><br>DOUBLE DOWN INTERACTIVE, LLC, a Washington limited liability company, and INTERNATIONAL GAME TECHNOLOGY, a Nevada corporation,<br><br>   *Defendants*. | No. 2:18-cv-00525-RBL |

PLS.' CONSOLIDATED SURREPLY
2:18-cv-00525-RBL; 3:18-cv-05277-RBL; 3:18-cv-05276-RBL - ii

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue Suite 2200
Seattle Washington 98101
EL 206 682 5600 • FAX 206 682 2992

1 **I.      Playtika's Reply Argument That Wilson Agreed To Its Terms Should Be Stricken.**

As the party moving for the "exceptional tool" of a *forum non conveniens* dismissal, Playtika bears the evidentiary burden of "making a clear showing of facts." *Neuralstem, Inc. v. ReNeuron, Ltd.*, 365 Fed. App'x 770, 772 (9th Cir. 2010). Facing that steep standard, Playtika's *forum non conveniens* motion contained a fatal omission: it neither argued nor offered any evidence showing that Plaintiff Sean Wilson ever agreed to Playtika's Terms (or, consequently, Playtika's forum selection clause). *See generally* Case No. 18-cv-05277, Dkt. 40, at 11-14.

Plaintiff's opposition exposed that deficiency, highlighting as its lead argument that Playtika "simply failed to explain how Plaintiff Sean Wilson ever agreed to [Playtika's] terms." *Id.*, Dkt. 48, at 1. That should have put the *forum non conveniens* issue to bed.

Yet on reply, Playtika argues—for the first time—that "Plaintiff Agreed To [Playtika's] Terms." *Id.*, Dkt. 64, at 5. To be clear, that argument remains supported by zero evidence, meaning that Playtika has still failed to satisfy its burden. *See Neuralstem*, 365 F. App'x at 772. More fundamentally, though, because Playtika's opening motion did not argue that Wilson agreed to Playtika's Terms, Playtika's attempt to raise that new argument on reply should be rejected. *See Rosemere Neighborhood Ass'n v. Clark Cty.*, No. 11-cv-5213-RBL, 2011 WL 6815851, at *7 (W.D. Wash. Dec. 28, 2011) ("[T]he Court does not consider arguments raised for the first time in a reply memorandum."). The Court should therefore strike pages five through eight (pp. 5-8) of Playtika's reply.

**II.     Huuuge And Double Down's "Actual Notice" Arguments Should Be Stricken.**

Huuuge and Double Down bear the evidentiary burden on their motions to compel arbitration. *See Alarcon v. Vital Recovery Servs., Inc.*, 706 F. App'x 394, 394 (9th Cir. 2017). Factual disputes—like whether Plaintiffs were on actual notice of Defendants' Terms—are resolved on a "summary judgment-like standard." *Coppock v. Citigroup, Inc.*, No. 11-cv-1984-JCC, 2013 WL 1192632, at *2 (W.D. Wash. Mar. 22, 2013). Under this standard, the Court

PLS.' CONSOLIDATED SURREPLY
2:18-cv-00525-RBL; 3:18-cv-05277-RBL; 3:18-cv-05276-RBL - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue  Suite 2200
Seattle  Washington  98101
TEL 206 682 5600 • FAX 206 682 2992

considers only "admissible evidence" and gives Plaintiffs "the benefit of all reasonable doubts and inferences that may arise." *Alarcon*, 706 F. App'x at 394-95.

Measured against this standard, a party might successfully compel arbitration based on "actual notice" where the opposing party "admitted that ... it was fully aware of the terms." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) (quotation omitted). Or, a movant could submit evidence demonstrating that the opposing party was *actually aware* of the terms. *See id.* (reviewing case where party actually received and read a cease-and-desist letter).

Neither Huuuge nor Double Down's motion to compel comes close. Neither offers a scintilla of evidence, admissible or otherwise, that Plaintiffs were on actual notice of Defendants' Terms—*i.e.*, that plaintiffs *were actually presented with them*. *See generally* Case No. 18-cv-5276, Dkt. 31 ("Huuuge Mot."); Case No. 18-cv-525, Dkt. 38 ("DD Mot."). Defendants could have presented website viewing histories, or application usage logs, or database records. They could have shown evidence that their app workflows *required* users to be presented with their respective Terms. Or Defendants could have pursued Plaintiffs' testimony through formal or informal discovery (instead of moving for a complete discovery stay). But Defendants did none of those things. Instead, they failed to produce any evidence whatsoever.[1] That failure rendered actual notice a non-issue.

Because Defendants presented no affirmative case for actual notice, there was no reason for Plaintiffs' opposition briefs to feature any rebuttal evidence on that issue. So Plaintiffs unremarkably focused their opposition arguments and evidence on the actual heart of this dispute: Defendants' failure to put reasonable users on *inquiry* notice. *See generally* No. 18-cv-5276, Dkt. 35 at 6–21; Case No. 18-cv-525, Dkt. 49 at 2–12.

---

[1]   In fact, Huuuge's motion did not even use the phrase "actual notice," (*see generally* Huuuge Mot.), and Double Down's "actual notice" arguments are not evidence that Benson or Simonson *actually* saw the terms, but that a reasonable user in their shoes would have been more likely to see the hyperlink to the terms—an inquiry notice argument. (*See* DD Mot. at 15.)

PLS.' CONSOLIDATED SURREPLY
2:18-cv-00525-RBL; 3:18-cv-05277-RBL; 3:18-cv-05276-RBL - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue  Suite 2200
Seattle  Washington  98101
TEL. 206 682 5600 • FAX 206 682 2992

Yet on reply, Defendants ask the Court to punish Plaintiffs for failing to rebut evidence of actual notice that Defendants never offered in the first place. *See* No. 18-cv-5276, Dkt. 39, at 6 ("Huuuge Reply") ("Plaintiff's non-denials are telling and support that he likely *did* do these things."); No. 18-cv-525, Dkt. 38, at 5 ("DD Reply") (arguing that Plaintiffs did not "submit declarations stating that they did *not* see the Terms."). That flips the burden on its head. To begin, Defendants ignore that they bear the evidentiary burden, and that Plaintiffs are entitled to "the benefit of all reasonable doubts and inferences[.]" *Alarcon*, 706 F. App'x at 394-95.

Worse, Defendants have employed a hybrid version of a classic sandbagging tactic: punt on an issue in a motion, wait for the opposing party to deprioritize that issue in its papers, and then pounce on reply, asking the Court to draw negative inferences about the opposing party's evidentiary production. *Cf. Green v. Am. Commercial Sec. Servs., Inc.*, No. 07-cv-1837-MJP, 2008 WL 1969649, at *4 (W.D. Wash. May 5, 2008) ("Prohibiting new evidence or argument in reply prevents 'sandbagging' of non-moving party and provides opposing counsel the chance to respond.") (quotation omitted). The Court should reject that bald gamesmanship by striking the portions of Defendants' reply briefs arguing Plaintiffs were on actual notice.

## CONCLUSION

Plaintiff Wilson respectfully requests that the Court strike pages five through eight (pp. 5-8) of Playtika's brief. Plaintiffs Wilson, Benson, and Simonson respectfully request that the Court strike all portions of Huuuge's and Double Down's reply briefs arguing that Plaintiffs were on "actual notice"—*i.e.*, that Plaintiffs actually read Huuuge's and Double Down's arbitration provisions. Alternatively, should the Court find that Huuuge and Double Down have adequately put "actual notice" at issue here, Plaintiffs respectfully request that the Court grant them leave to submit declarations attesting that they were not, in fact, on actual notice of Defendants' Terms.

**SEAN WILSON**, **ADRIENNE BENSON, AND MARY SIMONSON,** individually and on behalf of all others similarly situated,

PLS.' CONSOLIDATED SURREPLY
2:18-cv-00525-RBL; 3:18-cv-05277-RBL; 3:18-cv-05276-RBL - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue Suite 2200
Seattle Washington 98101
EL 206 682 5600 • FAX 206 682 2992

| | | |
|---|---|---|
| 1 | Dated: October 1, 2018 | By: /s/ Janissa A. Strabuk |
| 2 | | One of Plaintiffs' Attorneys |

TOUSLEY BRAIN STEPHENS PLLC
Janissa A. Strabuk
jstrabuk@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600
Fax: 206.682.2992

Rafey Balabanian*
rbalabanian@edelson.com
Eve-Lynn J. Rapp*
erapp@edelson.com
Todd Logan*
tlogan@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Admitted *pro hac vice*

*Attorneys for Plaintiff and the Putative Class*

PLS.' CONSOLIDATED SURREPLY
2:18-cv-00525-RBL; 3:18-cv-05277-RBL; 3:18-cv-05276-RBL - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue  Suite 2200
Seattle  Washington  98101
EL  206 682 5600 • FAX 206 682 2992

**CERTIFICATE OF SERVICE**

1
2    I, Janissa A. Strabuk, hereby certify that I served the above and foregoing document by
3  causing true and accurate copies of such paper to be transmitted to all counsel of record via the
4  Court's CM/ECF electronic filing system on October 1, 2018.
5
                                                          /s/ Janissa A. Strabuk
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLS.' CONSOLIDATED SURREPLY
2:18-cv-00525-RBL; 3:18-cv-05277-RBL; 3:18-cv-05276-RBL - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue  Suite 2200
Seattle  Washington  98101
TEL. 206 682 5600 • FAX 206 682 2992