Exhibit 2

1

2

3

4

5

6

The Honorable Ronald B. Leighton

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ADRIENNE BENSON and MARY
SIMONSON, individually and on behalf of all
others similarly situated,

No. 18-cv-00525-RBL

11

Plaintiffs,

12

v.

13

DOUBLE DOWN INTERACTIVE, LLC, a
Washington limited liability company, and
INTERNATIONAL GAME TECHNOLOGY, a
Nevada corporation,

DEFENDANT DOUBLE DOWN
INTERACTIVE, LLC'S
OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION

14

15

16

Defendants.

17

Defendant Double Down Interactive, LLC ("Double Down") responds and objects to

18

Plaintiffs' First Requests for Production (the "Request") as follows:

19

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

20

Double Down objects to the "Definitions" and "General Instructions" portions of the

21

Requests.  Double Down reserves the right to supplement, amend, or qualify its objections.

22

**Definitions**

23

1.     **Definition of "Addiction Phrases."**  Double Down objects to this definition as

24

overbroad and misleading to the extent it suggests the issue of addiction is relevant to the claims

25

and/or that the terms it encompasses relate to addiction.

26

2.     **Definition of "Gambler" or "Gamblers."**  Double Down objects to this

27

definition as argumentative, misleading, vague, and ambiguous.  Users of Double Down's social

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main   206 757 7700 fax

games do not gamble anything, as they are well aware that the games never award monetary winnings or real-world prizes and that they cannot "cash out" their virtual chips.

3.      **Definitions of "Describe" and "Identify."**  Double Down objects to these definitions to the extent they purport to transform any request for production of documents into an interrogatory, which the rules do not permit.

4.      **Definition of "Social Casino."**  Double Down objects to this definition as overbroad and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action.  Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.

5.      **Definition of "Guest" and "Guest Profiles."**  Double Down objects to this definition as incorrectly identifying Double Down's users.  Double Down does not have "guests," but rather it has users or players who play its games.

6.      **Definition of "Life Events Phrases."**  Double Down objects to this definition as misleading and mischaracterizing of the words or phrases contained therein.  Double Down will respond as to the words or phrases contained in Plaintiffs' definition.

7.      **Definition of "You" or "Your."**  Double Down objects to this definition as overbroad and disproportionate to the needs of the case to the extent it includes Double Down's "present and former subsidiaries" and "present and former related companies."  The definition also expressly includes Double Down's "present and former" attorneys, failing to recognize the existence of the attorney-client privilege and work-product doctrine.  Double Down will not respond to Plaintiffs' requests on behalf of any other corporation or legal entity or search for documents outside of its obligations under Federal Rules of Civil Procedure and other applicable rules, nor will it produce documents protected by the attorney-client privilege, work-product doctrine, or any other privilege or protection.

8.      **Definitions of "Logic," "Code," and similar terms.**  Double Down objects to Plaintiffs' requests for "Logic," "Code," and similar terms to the extent they seek confidential,

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

proprietary, or commercially sensitive business information without the protection of an appropriate protective order.  Double Down will produce responsive documents only after the parties agree on a mutually acceptable protective order.

9.      **Definition of "Research."**  Double Down objects this definition as vague, ambiguous, and improperly indefinite in violation of Rule 34(b)(1)(A).  Double Down will construe this term as referring to written reports containing analysis, as opposed to data printouts or reports that do not contain written analysis.

10.     **Definition of "Time on Device."**  Double Down objects this definition as ambiguous.  Double Down will construe this term to refer to time a user spends using the DoubleDown Casino app.

11.     **Definition of "Relevant Time Period."**  Double Down objects that this definition encompasses a four-year statute of limitations, rather than the applicable statute of limitations. Double Down reserves all rights.

12.     **Definition of "VIP Host."**  Double Down objects to the term "VIP Hosts," as it is misleading and mischaracterizes the job of a customer service agent.  Double Down does not have "VIP Hosts."

13.     **Definition of "VIP Loyalty Program."** Double Down objects that this definition is misleading and mischaracterizing as Double Down's loyalty programs are available to *all* players.

14.     **Definition of "VIP Tier."**  Double Down objects that this definition is misleading and mischaracterizing as Double Down's loyalty program contains levels for *all* users.

**General Instructions**

1.      Double Down objects to Plaintiffs' General Instructions to the extent they purport to create obligations beyond those contained in the Federal Rules of Civil Procedure and Local Rules for the Western District of Washington.  Double Down will respond and produce documents consistent with its obligations under the foregoing rules.

2.      Double Down objects to Plaintiffs' request for documents to be produced in

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1    "native" format with "all relevant Metadata," as defined, because Plaintiffs' request for natives

2    and all metadata is overly broad, unduly burdensome, and disproportionate to the needs of the

3    case.  Double Down will produce responsive documents in an appropriate format only after the

4    parties agree on a mutually acceptable protective order and electronically stored information

5    protocol.

6    **REQUESTS FOR PRODUCTION**

7    **REQUEST FOR PRODUCTION NO. 1**

8        All Documents that You used, referenced, or relied upon in drafting Your responses to

9    Plaintiffs' First Set of Requests for Production of Documents.

10       **RESPONSE:**  Double Down objects to this request as overbroad to the extent it seeks

11    documents or information not otherwise responsive to Plaintiffs' other document requests and

12    relevant to the claims or defenses in this action.  Double Down also objects to this request to the

13    extent it seeks documents or information protected by the attorney-client privilege, work-product

14    doctrine, or any other privilege or protection.  Double Down will produce documents responsive

15    to each request.  Subject to the foregoing objections, Double Down will not produce documents

16    specific to this request.

17

18    **REQUEST FOR PRODUCTION NO. 2**

19        All of Your Communications with Plaintiffs.

20       **RESPONSE:**  Double Down objects that this request is a premature search of ESI prior

21    to the parties entering into an ESI agreement.  Double Down objects because it cannot

22    necessarily identify Plaintiffs user accounts and be certain which accounts belong to Plaintiffs, as

23    Plaintiffs may have multiple accounts.  Subject to the foregoing objection and its objections to

24    Plaintiffs' Definitions and Instructions, after Plaintiffs identify all user accounts and email

25    addresses belonging to them, Double Down will consider search terms related to this request as

26    part of a search conducted pursuant to an ESI agreement proportional to the needs of the case

27

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1  and limited to non-privileged responsive documents regarding DoubleDown Casino from April

2  9, 2014 to the present.

3

4  **REQUEST FOR PRODUCTION NO. 3**

5      All Documents Related To Plaintiffs' Guest Profiles, Including Documents sufficient to

6  Identify Plaintiffs' UserIDs.

7      **SPECIFIC INSTRUCTIONS FOR RFP NO. 3**

8      Plaintiffs request a meet and confer at a date and time of your convenience, but within

9  fourteen (14) days of your receipt of these RFPs, to discuss the database format in which

10  documents responsive to RFP No. 4 are regularly kept and most reasonably produced.

11      **RESPONSE:**  Double Down objects to any deadline that Plaintiffs set unilaterally

12  shortening the time permitted to respond under the local rules and in accordance with the parties'

13  stipulations.  Double Down also objects to the request because the term "All Documents Related

14  To," as defined and applied here, is overly broad, unduly burdensome, and disproportionate to

15  the needs of the case.  Double Down objects because it cannot necessarily identify Plaintiffs'

16  user accounts and be certain which accounts belong to Plaintiffs, as Plaintiffs may have multiple

17  accounts.  Double Down objects to the term "Guest Profile" as Double Down does not have

18  "guests," rather it has users who play its game, given this, Double Down will answer assuming

19  that the request is asking about user's profiles.  Subject to the foregoing objections and its

20  objections to Plaintiffs' Definitions and Instructions, after Plaintiffs identify all user accounts

21  and email addresses belonging to them, Double Down responds that it will search for and

22  produce Plaintiffs' user profiles.

23

24

25

26

27

1  **REQUEST FOR PRODUCTION NO. 4**

2      Documents sufficient to Identify the Purchase Information associated with each Chip

3  Purchase made in the United States of America during the Relevant Time Period.

4      **RESPONSE:**  Double Down objects to this request as overbroad, not proportional, and

5  premature to the extent it seeks documents related to purchase information for a class that has not

6  been certified and for information irrelevant to Plaintiffs' attempt to certify a class.  Double

7  Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible

8  statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject

9  to a four-year statute of limitations because that is the outside arguable period for which

10 discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing

11 of the Complaint.  Double Down objects to this definition as overbroad, unduly burdensome, and

12 disproportionate to the needs of the case because it incorporates games not referenced in the

13 Amended Complaint and not at issue in this action and requests significant data that is

14 disproportionate to the needs of the case, especially prior to any class being certified.  Double

15 Down will produce responsive documents only with respect to the game named in the Amended

16 Complaint: DoubleDown Casino.  Double Down objects because it cannot necessarily identify

17 Plaintiffs' user accounts and be certain which accounts belong to Plaintiffs, as Plaintiffs may

18 have multiple accounts.  Subject to the foregoing objections and its objections to Plaintiffs'

19 Definitions and Instructions, Double Down responds that, after Plaintiffs identify all user

20 accounts and email addresses belonging to them, it will search for and produce non-privileged

21 responsive documents sufficient to show Plaintiffs' Purchase Information associated with each

22 Chip Purchase made by them for DoubleDown Casino from April 9, 2014 to the present.

23

24 **REQUEST FOR PRODUCTION NO. 5**

25     Documents sufficient to Identify Your total annual revenue from Chip Purchases in the

26 United States for each calendar year during the Relevant Time Period, broken down by each

27 Social Casino.

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

**RESPONSE:**  Double Down objects to this request as overbroad, not proportional, and premature to the extent it seeks documents related to purchase information for a class that has not been certified and for information irrelevant to Plaintiffs' attempt to certify a class.  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint.  Double Down objects to this definition as overbroad and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action.  Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down objects because it cannot necessarily identify Plaintiffs' user accounts and be certain which accounts belong to Plaintiffs, as Plaintiffs may have multiple accounts.  Subject to the foregoing objections and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that, after Plaintiffs identify all user accounts and email addresses belonging to them, it will search for and produce non-privileged responsive documents sufficient to show revenue received from Plaintiffs' Chip Purchases for DoubleDown Casino from April 9, 2014 to the present.

### REQUEST FOR PRODUCTION NO. 6

All Versions of each Social Casino's Terms of Use during the Relevant Time Period.

**RESPONSE:**  Double Down objects to this request to the extent it requests documents protected by the attorney-client privilege, work-product doctrine, or any other privilege or protection.  Double Down further objects on the grounds that Plaintiffs have equal access to all relevant versions of the terms of use for DoubleDown Casino, which were submitted as exhibits to Double Down's motion to compel arbitration.  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint.  Double Down objects to this definition as overbroad and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action. Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.  Subject to the foregoing objections and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it will search for and produce any available Terms of Use for DoubleDown Casino from April 9, 2014 to the present.

## REQUEST FOR PRODUCTION NO. 7

All Research Related To how Time on Device affects Your revenue.

**RESPONSE:**  Double Down objects this definition as vague, ambiguous, and improperly indefinite in violation of Rule 34(b)(1)(A).  Double Down will construe this term as referring to written reports containing analysis, as opposed to data printouts or reports that do not contain written analysis.  Double Down objects that the term "All Research" is disproportionate to the needs of the case.  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint.  Double Down objects that this request is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement. Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it does not believe it is in possession of any responsive documents. Nonetheless, Double Down will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1  privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the

2  present.

3

4  **REQUEST FOR PRODUCTION NO. 8**

5  All Research Related To how the number of Gamblers affects Your revenue.

6  **RESPONSE:**  Double Down objects this definition as vague, ambiguous, and improperly

7  indefinite in violation of Rule 34(b)(1)(A).  Double Down will construe this term as referring to

8  written reports containing analysis, as opposed to data printouts or reports that do not contain

9  written analysis.  Double Down objects that the term "All Research" is disproportionate to the

10  needs of the case.  Double Down objects to the term "Gamblers" and will assume that it is meant

11  to be people who play DoubleDown Casino.  Double Down also objects to Plaintiffs' definition

12  of "relevant time period" as exceeding any possible statute of limitations; and, while Double

13  Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations

14  because that is the outside arguable period for which discovery is proper, nonetheless, it will

15  respond as to the time period four years prior to the filing of the Complaint.  Subject to the

16  foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down

17  responds that it does not believe it is in possession of any responsive documents.  Double Down

18  objects that this request is a premature and overbroad search of ESI prior to the parties entering

19  into an ESI agreement.  Nonetheless, Double Down will consider search terms related to this

20  request as part of a search conducted pursuant to an ESI agreement proportional to the needs of

21  the case and limited to non-privileged responsive documents from April 9, 2014 to the present.

22

23  **REQUEST FOR PRODUCTION NO. 9**

24  All contracts Related To Social Casinos between You and third-party platform providers

25  that Support each Social Casino, Including Facebook, Apple, and Google.

26  **RESPONSE:**  Double Down objects to this request because the term "All contracts

27  Related To," as defined and applied here, is overly broad, unduly burdensome, and

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

disproportionate to the needs of the case.  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint.  Double Down objects to this definition as overbroad and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action.  Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.  Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it will search for and produce non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present.

### REQUEST FOR PRODUCTION NO. 10

All Communications Related To Social Casinos between You and third-party platform providers that Support Social Casinos, Including Facebook, Apple, and Google.

**RESPONSE:**  Double Down objects to this request because the term "All Communications Related To," as defined and applied here, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint.  Double Down objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action.  Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down objects that this request

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS (18-cv-00525-RBL) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement.

Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions,

Double Down responds that it will consider search terms related to this request as part of a

search conducted pursuant to an ESI agreement proportional to the needs of the case and limited

to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to

the present.


**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to Identify all third-parties that helped create, sold to You, or

licensed to You Social Casino Logic.

**RESPONSE:** Double Down also objects to Plaintiffs' definition of "relevant time

period" as exceeding any possible statute of limitations; and, while Double Down does not agree

that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside

arguable period for which discovery is proper, nonetheless, it will respond as to the time period

four years prior to the filing of the Complaint.  Double Down objects to this definition as

overbroad and disproportionate to the needs of the case because it incorporates games not

referenced in the Amended Complaint and not at issue in this action.  Double Down will produce

responsive documents only with respect to the game named in the Amended Complaint:

DoubleDown Casino.  Subject to the foregoing objection and its objections to Plaintiffs'

Definitions and Instructions, Double Down responds that it will search for and produce non-

privileged responsive documents for DoubleDown Casino from April 9, 2014 to the present.


**REQUEST FOR PRODUCTION NO. 12**

All written Research that You conducted, or that a third party conducted for You, Related

To Social Casinos that includes any Addiction Phrases.

**RESPONSE:** Double Down objects to this request as irrelevant to any parties' claim or

defense and disproportionate to the needs of the case.  Double Down objects to the term

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

"Research" as vague, ambiguous, and improperly indefinite in violation of Rule 34(b)(1)(A). Double Down will construe this term as referring to written reports containing analysis, as opposed to data printouts or reports that do not contain written analysis.  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint.  Double Down objects to this definition as overbroad and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action.  Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down objects to the term "Addiction Phrases" as overbroad and misleading to the extent it suggests the issue of addiction is relevant to the claims and/or that the terms it encompasses relate to addiction. Double Down objects that this request is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement.  Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it does not believe it is in possession of any responsive documents.  Nonetheless, Double Down will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present.


### REQUEST FOR PRODUCTION NO. 13

Documents sufficient to Identify all Logic used to determine Chip Package Pricing, Slot Machine Speed, or Hit Frequency.

**RESPONSE:**  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

arguable period for which discovery is proper, nonetheless, it will respond as to the time period

four years prior to the filing of the Complaint.  Double Down objects to this definition as

overbroad and disproportionate to the needs of the case because it incorporates games not

referenced in the Amended Complaint and not at issue in this action.  Double Down will produce

responsive documents only with respect to the game named in the Amended Complaint:

DoubleDown Casino.  Double Down objects that this request is a premature and overbroad

search of ESI prior to the parties entering into an ESI agreement.  Subject to the foregoing

objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds

that it does not believe it is in possession of any responsive documents.  Nonetheless, Double

Down will consider search terms related to this request as part of a search conducted pursuant to

an ESI agreement proportional to the needs of the case and limited to non-privileged responsive

documents regarding DoubleDown Casino from April 9, 2014 to the present.


## REQUEST FOR PRODUCTION NO. 14

All Communications and all Documents that include any Life Event Phrases and were

sent, received, or authored by the following custodians: Joe Sigrist, Meg Murphree, Alex

Entrikin, Robert Adams, Jude Cooper, Lauren Detjen, Kyle Labarry, Julie Frederick, Shelby

Nakamoto, and Tara Tegtmeyer.

**RESPONSE:**  Double Down objects to this request as irrelevant to any parties' claim or

defense and disproportionate to the needs of the case.  Double Down also objects to this request

because the phrase "All Communications and all Documents," as defined and applied here, is

overly broad, unduly burdensome, and disproportionate to the needs of the case.  Double Down

also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of

limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-

year statute of limitations because that is the outside arguable period for which discovery is

proper, nonetheless, it will respond as to the time period four years prior to the filing of the

Complaint.  Double Down objects to this definition as overbroad and disproportionate to the

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action.  Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down objects that this request is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement.  Double Down objects to the term "Life Events Phrases" as misleading and mischaracterizing of the words or phrases contained therein.  Double Down will respond as to the words or phrases contained in Plaintiffs' definition.  Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it does not believe it is in possession of any responsive documents.  Nonetheless, Double Down will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present.

### REQUEST FOR PRODUCTION NO. 15

Documents sufficient to Identify all of Your policies Related To when a Guest requests to have their Social Casino account and/or credit card information Disabled.

**RESPONSE:**  Double Down objects to this request as irrelevant to any parties' claim or defense and disproportionate to the needs of the case.  Double Down objects to this definition as overbroad and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action.  Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down objects that it does not have credit card information. Double Down objects to the term "Guests" as Double Down does not have "guests," rather it has people who play its game. Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it will search for and produce policies related to when a player requests to have their DoubleDown Casino account disabled, to the extent any exist.

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 14

1

2    **REQUEST FOR PRODUCTION NO. 16**

3          Documents sufficient to Identify all of Your policies Related To when a Guest uses an

4    Addiction Phrase or Life Event Phrase in a Communication with You.

5          **RESPONSE:**  Double Down objects to this request as irrelevant to any parties' claim or

6    defense and disproportionate to the needs of the case.  Double Down objects that this request is a

7    premature search of ESI prior to the parties entering into an ESI agreement.  Double Down

8    objects to the term "Guests" as Double Down does not have "guests," rather it has people who

9    play its game.  Double Down objects to the term "Life Event Phrases" misleading and

10   mischaracterizing of the words or phrases contained therein.  Double Down will respond as to

11   the words or phrases contained in Plaintiffs' definition.  Subject to the foregoing objection and

12   its objections to Plaintiffs' Definitions and Instructions, Double Down will consider search terms

13   related to this request as part of a search conducted pursuant to an ESI agreement proportional to

14   the needs of the case and limited to non-privileged responsive documents regarding

15   DoubleDown Casino from April 9, 2014 to the present.

16

17   **REQUEST FOR PRODUCTION NO. 17**

18         Documents sufficient to Identify the criteria for all Code-Based instances when Gamblers

19   receive Free Chips, Including the number of Free Chips received and any relationship between

20   that figure and the Gambler's recent Chip Purchases, VIP Tier, and/or recent in-game

21   performance.

22         **RESPONSE:**  Double Down objects to this request as vague to the extent it fails to

23   define or explain "recent in-game performance."  Double Down also objects to this request as

24   irrelevant to any parties' claim or defense and disproportionate to the needs of the case.  Double

25   Down objects to the term "Gamblers" and will assume that it is meant to be people who play

26   DoubleDown Casino.  The Amended Complaint contains no allegations related to "VIP Tiers."

27   Double Down objects to this definition as overbroad and disproportionate to the needs of the

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

case because it incorporates games not referenced in the Amended Complaint and not at issue in

this action.  Double Down further objects that this terms is misleading and mischaracterizing as

Double Down's loyalty program contains levels for *all* users.  Double Down will produce

responsive documents only with respect to the game named in the Amended Complaint:

DoubleDown Casino.  Double Down also objects to the extent that the searching for all such

documents to 2014 is burdensome and not proportional to the needs of the case.  Double Down

objects that this request is a premature and overbroad search of ESI prior to the parties entering

into an ESI agreement.  Subject to the foregoing objections and its objections to Plaintiffs'

Definitions and Instructions, Double Down responds that it will consider search terms related to

this request as part of a search conducted pursuant to an ESI agreement proportional to the needs

of the case and limited to non-privileged responsive documents regarding DoubleDown Casino

from April 9, 2014 to the present.


## REQUEST FOR PRODUCTION NO. 18

Documents sufficient to Identify the ratio, in each of calendar years 2015, 2016, 2017,

2018, and 2019 of (a) the number of Free Chips provided by You to (b) the number of virtual

chips acquired through Chip Purchases, broken down by each VIP Tier.

**RESPONSE:**  Double Down objects to this request as irrelevant to any parties' claim or

defense and disproportionate to the needs of the case.  The Amended Complaint contains no

allegations related to "VIP Tiers."  Double Down also objects to Plaintiffs' definition of

"relevant time period" as exceeding any possible statute of limitations; and, while Double Down

does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that

is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the

time period four years prior to the filing of the Complaint.  Double Down objects to this

definition as overbroad and disproportionate to the needs of the case because it incorporates

games not referenced in the Amended Complaint and not at issue in this action.  Double Down

further objects that this term is misleading and mischaracterizing as Double Down's loyalty

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1  program contains levels for *all* users.  Double Down will produce responsive documents only

2  with respect to the game named in the Amended Complaint: DoubleDown Casino.  Double

3  Down objects because it cannot necessarily identify Plaintiffs user accounts and be certain which

4  accounts belong to Plaintiffs, as Plaintiffs may have multiple accounts.  Subject to the foregoing

5  objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds

6  that, after Plaintiffs identify all user accounts and email addresses belonging to them, it will

7  search for and produce non-privileged responsive documents regarding DoubleDown Casino

8  sufficient to show this information as to Plaintiffs Benson and Simonson from April 9, 2014 to

9  the present, to the extent it exists.

10

11  **REQUEST FOR PRODUCTION NO. 19**

12      Documents sufficient to Identify the average Life of the amount of chips equal to the

13  average Initial Chip Allotment during each of the following calendar years: 2015; 2016; 2017;

14  2018; and 2019.

15      **RESPONSE:**  Double Down objects to this request as irrelevant to any parties' claim or

16  defense and disproportionate to the needs of the case.  Double Down also objects to Plaintiffs'

17  definition of "relevant time period" as exceeding any possible statute of limitations; and, while

18  Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of

19  limitations because that is the outside arguable period for which discovery is proper, nonetheless,

20  it will respond as to the time period four years prior to the filing of the Complaint.  Double Down

21  objects because the definition of "the average Life of the amount of chips equal to the average

22  Initial Chip Allotment" is vague.  The Amended Complaint contains no allegations related to

23  "VIP Tiers."  Double Down objects to this definition as overbroad and disproportionate to the

24  needs of the case because it incorporates games not referenced in the Amended Complaint and

25  not at issue in this action.  Double Down further objects that this term is misleading and

26  mischaracterizing as Double Down's loyalty program contains levels for *all* users.  Double

27  Down objects that this request is a premature and overbroad search of ESI prior to the parties

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 17

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1    entering into an ESI agreement.  Double Down objects because it cannot necessarily identify

2    Plaintiffs user accounts and be certain which accounts belong to Plaintiffs, as Plaintiffs may have

3    multiple accounts.  Subject to the foregoing and its objections to Plaintiffs' Definitions and

4    Instructions, Double Down responds that it does not believe any such documents exist; however,

5    after Plaintiffs identify all user accounts and email addresses belonging to them, it will consider

6    search terms related to this request as part of a search conducted pursuant to an ESI agreement

7    proportional to the needs of the case and limited to non-privileged responsive documents

8    regarding DoubleDown Casino from April 9, 2014 to the present as to Plaintiffs Benson and

9    Simonson.

10

11    **REQUEST FOR PRODUCTION NO. 20**

12         All Research conducted by You or third parties Related To Initial Chip Allotment.

13         **RESPONSE:**  Double Down objects this definition as vague, ambiguous, and improperly

14    indefinite in violation of Rule 34(b)(1)(A).  Double Down will construe this term as referring to

15    written reports containing analysis, as opposed to data printouts or reports that do not contain

16    written analysis.  Double Down objects that the term "All Research" is disproportionate to the

17    needs of the case.  Double Down objects that this request is a premature and overbroad search of

18    ESI prior to the parties entering into an ESI agreement.  Subject to the foregoing objection and

19    its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it does not

20    believe any such documents exist; however, it will consider search terms related to this request

21    as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case

22    and limited to non-privileged responsive documents regarding DoubleDown Casino from

23    April 9, 2014 to the present.

24

25    **REQUEST FOR PRODUCTION NO. 21**

26         Documents sufficient to Identify the percentage of Your Guests who have ever made a

27    Chip Purchase.

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 18

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main   206 757 7700 fax

1    **RESPONSE:**  Double Down objects to this definition as overbroad and disproportionate

2    to the needs of the case because it incorporates games not referenced in the Amended Complaint

3    and not at issue in this action.  Double Down will produce responsive documents only with

4    respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down

5    objects that the relevance of this information, prior to a class being certified, is outweighed by

6    the burden of its production and not proportional to the needs of the cases.  Double Down objects

7    to the term "Guests" as Double Down does not have "guests," rather it has people who play its

8    game.  Double Down objects that this request for production seeks information more efficiently

9    ascertained through an interrogatory.  Double Down objects that this request is a premature and

10   overbroad search of ESI prior to the parties entering into an ESI agreement.  Subject to the

11   foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down

12   responds that it will consider search terms related to this request as part of a search conducted

13   pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged

14   responsive documents regarding DoubleDown Casino from April 9, 2014 to the present in

15   Washington State.

16

17   **REQUEST FOR PRODUCTION NO. 22**

18   All handbooks, presentations, training materials, policies, and other employment-related

19   materials You have ever provided to VIP Hosts.

20   **RESPONSE:**  Double Down objects to this request as overbroad and disproportionate to

21   the needs of the case because it incorporates games not referenced in the Amended Complaint

22   and not at issue in this action.  Double Down will produce responsive documents only with

23   respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down also

24   objects to this request as irrelevant to any parties' claim or defense and disproportionate to the

25   needs of the case.  The Amended Complaint contains no allegations related to "VIP Hosts."

26   Double Down further objects to this request because the term "All," as applied here, is overly

27   broad, unduly burdensome, and disproportionate to the needs of the case.  Double Down objects

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 19

1  to the term "VIP Hosts," as it is misleading and mischaracterizes the job of a customer service

2  agent.  Double Down objects that this request is irrelevant, overbroad, and disproportionate to

3  Plaintiffs' claims.  Subject to the foregoing objections and its objections to Plaintiffs' Definitions

4  and Instructions, Double Down responds that, it will consider this request as to Double Down's

5  customer service representatives after Plaintiffs identify how this request is relevant, not

6  disproportionate to the needs of the case, and not overbroad.

7

8      **REQUEST FOR PRODUCTION NO. 23**

9      Documents sufficient to Identify the Compensation Structure for VIP Hosts.

10      **RESPONSE:**  Double Down objects to this definition as overbroad and disproportionate

11  to the needs of the case because it incorporates games not referenced in the Amended Complaint

12  and not at issue in this action.  Double Down will produce responsive documents only with

13  respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down

14  objects to this request as irrelevant to any parties' claim or defense and disproportionate to the

15  needs of the case.  The Amended Complaint contains no allegations related to "VIP Hosts."

16  Double Down objects that this request for production seeks information more efficiently

17  ascertained through an interrogatory.  Double Down objects to the term "VIP Hosts," as it is

18  misleading and mischaracterizes the job of a customer service agent.  Double Down objects that

19  this request is irrelevant, overbroad, and disproportionate to Plaintiffs' claims.  Double Down

20  objects because its customer service agents do not operate on a commission-based system.

21  Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions,

22  Double Down responds that, without an understanding as to how this information is relevant or

23  proportional to the needs of the case, it will not produce documents regarding this request, to the

24  extent any exist.

25

26      **REQUEST FOR PRODUCTION NO. 24**

27      Documents sufficient to Identify all employees that VIP Hosts directly reported to.

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 20

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1  **RESPONSE:**  Double Down objects to this definition as overbroad and disproportionate

2  to the needs of the case because it incorporates games not referenced in the Amended Complaint

3  and not at issue in this action.  Double Down will produce responsive documents only with

4  respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down

5  objects to this request as irrelevant to any parties' claim or defense and disproportionate to the

6  needs of the case.  The Amended Complaint contains no allegations related to "VIP Hosts."

7  Double Down objects that this request for production seeks information more efficiently

8  ascertained through an interrogatory.  Double Down objects that this request is a premature and

9  overbroad search of ESI prior to the parties entering into an ESI agreement.  Double Down

10  objects to the term "VIP Hosts," as it is misleading and mischaracterizes the job of a customer

11  service agent.  Double Down objects that this request is irrelevant, overbroad, and

12  disproportionate to Plaintiffs' claims.  Double Down objects because its customer service agents

13  do not operate on a commission-based system.  Subject to the foregoing objection and its

14  objections to Plaintiffs' Definitions and Instructions, Double Down responds that, without an

15  understanding as to how this information is relevant or proportional to the needs of the case, it

16  will not produce documents regarding this request, to the extent any exist.

17

18  **REQUEST FOR PRODUCTION NO. 25**

19  Documents sufficient to Identify the average amount of money Gamblers have spent on

20  Chip Purchases when they reach each VIP Tier.

21  **RESPONSE:**  Double Down objects to this definition as overbroad and disproportionate

22  to the needs of the case because it incorporates games not referenced in the Amended Complaint

23  and not at issue in this action.  Double Down will produce responsive documents only with

24  respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down

25  objects to the term "Gamblers" and assumes it to mean players of DoubleDown Casino.  Double

26  Down objects to this request as irrelevant to any parties' claim or defense and disproportionate to

27  the needs of the case.  The Amended Complaint contains no allegations related to "VIP Tiers."

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 21

1   Double Down objects to this definition as overbroad and disproportionate to the needs of the

2   case because it incorporates games not referenced in the Amended Complaint and not at issue in

3   this action.  Double Down further objects that this term is misleading and mischaracterizing as

4   Double Down's loyalty program contains levels for *all* users.  Double Down objects that this

5   request for production seeks information more efficiently ascertained through an interrogatory.

6   Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any

7   possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are

8   subject to a four-year statute of limitations because that is the outside arguable period for which

9   discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing

10  of the Complaint.  Double Down objects that this request is a premature and overbroad search of

11  ESI prior to the parties entering into an ESI agreement.  Double Down objects because it cannot

12  necessarily identify Plaintiffs user accounts and be certain which accounts belong to Plaintiffs, as

13  Plaintiffs may have multiple accounts.  Subject to the foregoing objection and its objections to

14  Plaintiffs' Definitions and Instructions, Double Down responds that, after Plaintiffs identify all

15  user accounts and email addresses belonging to them, it will search for and produce non-

16  privileged responsive documents, to the extent any exist, sufficient to show the amount of money

17  Plaintiffs Benson and Simonson spent on Chip Purchases as related to the different tier levels

18  they were at in Double Down's loyalty program from April 9, 2014 to the present.

19

20          **REQUEST FOR PRODUCTION NO. 26**

21          All Communications sent to or from a VIP Host that contain any Addiction Phrases.

22          **RESPONSE:**  Double Down objects to this definition as overbroad and disproportionate

23  to the needs of the case because it incorporates games not referenced in the Amended Complaint

24  and not at issue in this action.  Double Down will produce responsive documents only with

25  respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down

26  objects to this request as irrelevant to any parties' claim or defense and disproportionate to the

27  needs of the case.  The Amended Complaint contains no allegations related to "VIP Hosts."

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 22

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1    Double Down objects to the term "VIP Hosts," as it is misleading and mischaracterizes the job of

2    a customer service agent.  Double Down objects that this request is irrelevant, overbroad, and

3    disproportionate to Plaintiffs' claims.  Double Down also objects to Plaintiffs' definition of

4    "relevant time period" as exceeding any possible statute of limitations; and, while Double Down

5    does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that

6    is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the

7    time period four years prior to the filing of the Complaint. Double Down objects that this request

8    is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement.

9    Double Down objects to term "Addiction Phrases" as overbroad and misleading to the extent it

10   suggests the issue of addiction is relevant to the claims and/or that the terms it encompasses

11   relate to addiction.  Subject to the foregoing objection, Double Down responds that, after

12   establishing how this request is relevant and not disproportionate to the needs of the case, it will

13   consider search terms related to this request as part of a search conducted pursuant to an ESI

14   agreement proportional to the needs of the case and limited to non-privileged responsive

15   documents regarding DoubleDown Casino from April 9, 2014 to the present related to Plaintiffs

16   Benson and Simonson, to the extent any exist.

17

18        **REQUEST FOR PRODUCTION NO. 27**

19        All Logic Related To Chip Package Offers, Including all Logic that explains when Chip

20   Package Offers are made and all Logic that explains the dollar value associated with Chip

21   Package Offers.

22        **RESPONSE:**  Double Down objects to this definition as overbroad and disproportionate

23   to the needs of the case because it incorporates games not referenced in the Amended Complaint

24   and not at issue in this action.  Double Down will produce responsive documents only with

25   respect to the game named in the Amended Complaint: DoubleDown Casino.  Double Down also

26   objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of

27   limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-

year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint. Double Down objects to this request because the term "All Logic Related To," as defined and applied here, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Double Down objects that this request is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement. Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that after establishing how this request is relevant and not disproportionate to the needs of the case, it will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present related to Plaintiffs Benson and Simonson, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 28**

All Logic Related to whether the Results of Your slot machine games depend in any way on the Guest's Chip Purchases, Time on Device, or any other non-random factors.

**RESPONSE:** Double Down objects to this definition as overbroad and disproportionate to the needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action. Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino. Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint. Double Down objects to this request because the term "All Logic Related To," as defined and applied here, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Double Down objects to the term "Guests" as Double Down does not have "guests," rather it has people who play its game. Double Down objects that this request is a premature and

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 24

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

overbroad search of ESI prior to the parties entering into an ESI agreement.  Double Down objects to the term "slot machine games" as undefined and not applicable to Double Down's products.  Subject to the foregoing objections and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that after establishing how this request is relevant and not disproportionate to the needs of the case, it will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present related to Plaintiffs Benson and Simonson, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 29**

All Communications between or among You and the Washington State Gambling Commission and Its Related Entities Relating To Social Casinos.

**RESPONSE:**  Double Down objects to this request because the term "All Communications. . . Related To," as defined and applied here, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint. Double Down objects that this request is a premature search of ESI prior to the parties entering into an ESI agreement.  Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it will search for and produce non-privileged responsive documents that are not ESI, to the extent any exist.  Double Down will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present, to the extent any exist.

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 25

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

**REQUEST FOR PRODUCTION NO. 30**

Documents sufficient to Identify all Gifts and Trips.

**RESPONSE:**  Double Down objects to this request as irrelevant to any parties' claim or defense and disproportionate to the needs of the case.  The Amended Complaint contains no allegations related to "Gifts" or "Trips."  Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint.  Double Down objects that this request is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement.  Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it does not believe any such documents exist regarding Plaintiffs Benson and Simonson, and that it will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present related to Plaintiffs Benson and Simonson, to the extent any exist.

DATED this 6th day of July, 2020.

By: *s/ Jaime Drozd Allen*

Jaime Drozd Allen, WSBA #35742
Stuart R. Dunwoody, WSBA #13948
Cyrus E. Ansari, WSBA #52966
Benjamin J. Robbins, WSBA #53376
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150  Fax: (206) 757-7700
Email: jaimeallen@dwt.com
Email: stuartdunwoody@dwt.com
Email: cyrusansari@dwt.com
Email: benrobbins@dwt.com

*Attorneys for Double Down Interactive, LLC*

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 26

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on this date I emailed the foregoing document to the attorneys of record

3

representing Plaintiffs, in accordance with the parties' agreement.

4

    DATED this 6th day of July, 2020.

5

                            *s/ Jaime Drozd Allen*
                            Jaime Drozd Allen, WSBA #35742

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DOUBLE DOWN'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF RFPS
(18-cv-00525-RBL) - 27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main   206 757 7700 fax