UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE BENSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DOUBLE DOWN INTERACTIVE, LLC, <br><br> Defendants. | Cause No. C18-0525RSL <br><br> ORDER REGARDING DEFENDANTS' MOTIONS TO COMPEL DISCOVERY AND TO EXTEND RESPONSE DEADLINE |

This matter comes before the Court on defendants' "Motion for Protective Order and to Compel Document Production and Answers to Interrogatories." Dkt. # 159. Defendants argue that plaintiffs breached the parties' August 2020 scheduling agreement by slow-playing their document production and giving defendants too little time in which to conduct depositions.[1] Defendants seek (a) to compel plaintiffs to supplement their responses to Requests for Production Nos. 6, 11, and 14 and Interrogatories Nos. 2, 6, 12, 13, and 17, and (b) to obtain a

---

[1] The parties agreed that "[d]efendants shall be afforded a reasonable opportunity to pursue written discovery and depositions from [p]laintiffs in their capacity as proposed class representatives" and that, "[p]rovided . . . [d]efendants work with [p]laintiffs to set prompt depositions after [p]laintiffs reasonably complete their answers to written discovery and production of documents responsive to Defendants' First Set of RFPs, [p]laintiffs agree to refrain from filing a motion for class certification until their depositions have been held or until [d]efendants have been afforded a reasonable opportunity to depose [p]laintiffs but have declined the opportunity." Dkt. # 135 at 2.

ORDER REGARDING MOTIONS TO COMPEL
DISCOVERY AND TO EXTEND RESPONSE
DEADLINE - 1

production, deposition, and briefing schedule that allows defendants to take plaintiffs' depositions prior to having to respond to the motion for class certification. They argue that such an order would promote judicial efficiency and is consistent with the parties' discovery agreements.

In a separate motion, Dkt. # 188, defendants seek relief from the deadline for opposing plaintiffs' now-filed motion for class certification until after (a) the Court has resolved defendants' outstanding motions to strike nationwide class allegations, motion to dismiss, and discovery motion and (b) defendants have had an opportunity to depose the named plaintiffs and the eighteen other individuals who submitted declarations in support of class certification.

Having reviewed the submissions of the parties, the Court finds that the existing briefing schedule, pursuant to which defendants have until April 5, 2021, to file their response to the motion for class certification, adequately balances the needs of the parties and the Court. Defendants have not shown that resolution of their motion to dismiss[2] or supplemental responses to written discovery[3] are necessary to present facts essential to justify their opposition to class certification. Fed. R. Civ. P. 56(d). With regards to their argument that "[p]laintiffs have suggested they will not agree to search for additional [ESI] documents using search items

---

[2] The Court will endeavor to resolve the nationwide class allegation issue in the next week. For purposes of the motion for class certification, the parties should assume that neither the United States Constitution nor Washington's choice-of-law rules precludes the application of Washington law to a nationwide class in the circumstances presented here.

[3] In reply, defendants argue for the first time that information gleaned from hardware used to access its games is relevant to whether plaintiffs received the benefit of the bargain they expected from Double Down. Because plaintiffs did not have an opportunity to address this argument, it has not been considered.

ORDER REGARDING MOTIONS TO COMPEL
DISCOVERY AND TO EXTEND RESPONSE
DEADLINE - 2

defendants identified within 21 days of the initial ESI production" (Dkt. # 159 at 12), the argument appears to be based on supposition. When defendants identified their additional search terms, plaintiffs ran searches using the new terms on the sources previously identified. The Court presumes, based on plaintiffs' representations (Dkt. # 190 at 13), that the supplemental production has now been made. Finally, plaintiffs have offered to make the named plaintiffs and six of the declarants available for deposition prior to defendants' response deadline and are willing to stipulate to an extension of the briefing schedule if the deponents are unavailable. The Court generally adopts plaintiffs' proposal at Dkt. # 198 at 16. Under the current briefing schedule, the parties have almost a month in which to conduct eight remote depositions: if the parties agree that more time is necessary, they may file a stipulation to renote the motion for class certification.

      Discovery in this matter reopened when the case returned from the Ninth Circuit in February 2020. Defendants' written discovery was served on plaintiffs in August 2020, and plaintiffs timely responded. At approximately the same time, the parties negotiated a case schedule that included no deadlines, instead asserting that the parties would have a "reasonable" amount of time to perform tasks necessary to bring the class certification matter before the Court. In the absence of a deadline, class certification discovery moved at a glacial pace and resulted in various motions essentially arguing about what was "reasonable." The Court finds that a more formal case management schedule based on a November 2021 trial date is needed.

//

ORDER REGARDING MOTIONS TO COMPEL
DISCOVERY AND TO EXTEND RESPONSE
DEADLINE - 3

For all of the foregoing reasons, defendants' motions for protective order and to compel discovery (Dkt. # 159) and motion for an extension of the response deadline (Dkt. # 188) are GRANTED in part and DENIED in part.

Dated this 10th day of March, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTIONS TO COMPEL DISCOVERY AND TO EXTEND RESPONSE DEADLINE - 4