1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIENNE BENSON, *et al.*,

    Plaintiffs,

  v.

DOUBLE DOWN INTERACTIVE, LLC, *et al.*,

    Defendants.

Cause No. C18-0525RSL

ORDER DENYING DEFENDANTS'
MOTION TO ABSTAIN AND STAY

  This matter comes before the Court on "Defendants' Motion to Dismiss Under Fed. R.
Civ. P. 12(b)(1) and Motion to Abstain." Dkt. # 138.[1] Plaintiffs, Washington residents, allege
that defendants operate several virtual casinos that constitute illegal gambling enterprises under
Washington law. They assert claims on behalf of a class of Double Down's customers under
Washington's Recovery of Money Lost at Gambling Act ("RMLGA"), Washington's Consumer
Protection Act ("CPA"), and theories of unjust enrichment seeking recovery of their gambling
losses. Defendants argue that these claims raise "difficult questions of state law bearing on
policy problems of substantial public import" and that the Court should abstain from deciding
these issues under *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976);

_____

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is
DENIED.

ORDER DENYING MOTION TO
ABSTAIN AND STAY - 1

*Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), and/or *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Dkt. # 138 at 6. On September 10, 2020, the same day defendants filed this motion to dismiss, they filed a declaratory judgment action against the two named plaintiffs in state court: they request that the above-captioned matter be stayed to allow the state court to resolve the unsettled issues of law.

Defendants previously requested that the Court certify questions regarding the legality of their casino-gaming applications and available state law remedies to the Washington Supreme Court. Dkt. # 103. The Honorable Ronald B. Leighton, United States District Judge (ret.), denied the motion on August 11, 2020, finding that defendants had failed to show that the statutory interpretation at issue was "new" or "substantial." Dkt. # 127 at 3. In particular, Judge Leighton found that the Ninth Circuit's interpretation of RCW 9.46.0285 in *Kater v. Churchill Downs Inc.*, 886 F.3d 784 (9th Cir. 2018), was a straightforward application of the statutory language. He also noted that the analysis was not "new" in that it followed existing state case law which held that electronic "play points" used to spin an electronic slot machine were things of value because they "extend the privilege of playing the game without charge." *Id.* at 4 (quoting *Bullseye Distrib. LLC v. State Gambling Comm'n*, 127 Wn. App. 231, 242 (2005)). Judge Leighton rejected defendants' arguments that *Kater* was incorrectly decided because it was at odds with the legislative history and Gambling Commission pronouncements. He also found that defendants' assertions of substantial public policy impacts were unconvincing in light of their failure to distinguish between video game companies in general and the subset of companies producing casino-gaming applications that could be considered "gambling" under Washington

ORDER DENYING MOTION TO
ABSTAIN AND STAY - 2

law. Dkt. # 127 at 5-6.

Defendants filed a timely motion for reconsideration of Judge Leighton's order on August 25, 2020. Two weeks later, they filed this motion to dismiss, arguing essentially the same points they had made when requesting certification to the Washington Supreme Court. The motion for reconsideration was fully briefed and denied by the undersigned because defendants failed to show manifest error in Judge Leighton's rulings or to provide new facts or legal authority that was relevant to the interpretive task at issue. Dkt. # 156.

Defendants request that the Court abstain from deciding this matter under four separate abstention doctrines. Underlying three of the four doctrines is the concept that difficult and complex issues of public policy that fall within a state's purview should be decided by the state's designated enforcement mechanism, where "specialized knowledge" "useful in shaping the policy of regulation of the ever-changing demands in [the] field," will streamline decision-making and avoid confusion. *Burford*, 319 U.S. at 325-28. Judge Leighton has already found, and the undersigned agrees, that the issues of statutory interpretation presented here are not particularly complex or novel. Nor have defendants shown that Washington's regulation of gambling is akin to the dynamic and complex regulation of oil and gas reserves in Texas (*Burford*) or to a newly issued and unreviewed governmental order/petition being challenged for the first time in federal court (*Pullman* and *Thibodaux*). It appears that gambling regulation in Washington is a relatively stagnant area of law, and both the state legislature and the state Gambling Commission have declined defendants' efforts to have them counteract or contradict the holding in *Kater*. Based on the circumstances presented here, the Court finds that abstention under *Burford*, *Pullman*, and/or *Thibodaux* is not warranted.

ORDER DENYING MOTION TO
ABSTAIN AND STAY - 3

With regards to *Colorado River* abstention, the Ninth Circuit considers the following eight factors when determining whether a federal court should refrain from exercising jurisdiction in favor of concurrent adjudication in state court:

(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841-42 (9th Cir. 2017) (quoting *R.R. Street & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011)). The first factor does not apply: the federal court has assumed jurisdiction over persons, not property. Of the remaining considerations, only the primacy of state law (the fifth factor) favors abstention in this case. Defendants do not argue that litigation in a federal forum is inconvenient (the second factor), and this lawsuit was filed almost two and a half years before defendants thought to initiate a declaratory judgment action in state court (the fourth factor). Concerns regarding forum shopping (the seventh factor) abound: *Kater* was decided the month before this lawsuit was filed, yet defendants waited more than two years to request a state forum, waiting until after Judge Leighton had denied their request to compel arbitration and the Ninth Circuit had affirmed that decision.[2] Finally, in light of Congress' determination that this lawsuit must proceed in federal court to the extent it involves representative litigation, *see* Class Action Fairness Act of

---

[2] Judge Leighton also indicated that *Kater* was a straightforward and controlling interpretation of state law by the time defendants first raised their abstention argument.

ORDER DENYING MOTION TO
ABSTAIN AND STAY - 4

2005, 28 U.S.C. § 1332(d), the only venue in which piecemeal litigation can be avoided (the third factor), the rights of putative class members can be protected (the sixth factor), and a complete and prompt resolution of all pending issues can be obtained (the eighth factor) is before the federal court.  The Court finds that abstention under *Colorado River* is not warranted

For all of the foregoing reasons, defendants' motion to dismiss/stay (Dkt. # 138) is DENIED.

Dated this 24th day of March, 2021.

Mvt S Casnik

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
ABSTAIN AND STAY - 5