The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE BENSON and MARY SIMONSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOUBLEDOWN INTERACTIVE, LLC, a Washington limited liability company, and INTERNATIONAL GAME TECHNOLOGY, a Nevada corporation,<br><br>*Defendants*. | Case No. 18-cv-00525-RSL<br><br>**MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' RFP NO. 14**<br><br>**NOTING DATE:** April 9, 2021 |

**I.     Introduction**

Plaintiffs Adrienne Benson and Mary Simonson served Defendant DoubleDown with their First Set of Requests for Production of documents in May 2020. *See* Declaration of Todd Logan ("Logan Decl.") ¶ 3; Ex. 1. To this day, DoubleDown has produced one (1) responsive document: DDI_00000001.[1] *See* Logan Decl. ¶ 4; Dkt. 126 at 9 (order compelling production). Aside from that court-compelled production, DoubleDown has steadfastly refused to comply with its discovery obligations. This motion, which asks the Court to compel DoubleDown to produce documents responsive to a single RFP (No. 14), represents the first step toward bringing DoubleDown into compliance with its discovery obligations under the Local Rules and the Federal Rules of Civil Procedure. The Court should grant this motion.

---

[1]     By contrast, Plaintiffs long ago produced the universe of potentially relevant documents in their possession. *See* Dkt. 190 at 1. (And to confirm the Court's stated assumption, *see* Dkt. 206 at 3, Plaintiffs did in fact timely produce all non-privileged documents responsive to the supplemental search terms DoubleDown provided.)

MOTION TO COMPEL
CASE NO. 18-CV-525-RSL - 1

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312 589 6370 • Fax: 312 589 6378

II.  Background

   A.  Plaintiffs' RFP No. 14

Plaintiffs' RFP No. 14 seeks production of the following documents:

> **REQUEST FOR PRODUCTION NO. 14**
>
> All Communications and all Documents that include any Life Event Phrases and were sent, received, or authored by the following custodians: Joe Sigrist, Meg Murphree, Alex Entrikin, Robert Adams, Jude Cooper, Lauren Detjen, Kyle Labarry, Julie Frederick, Shelby Nakamoto, and Tara Tegtmeyer.
>
> **RESPONSE:**

Ex. 1 at 11.

"Life Event Phrases" is the following list of search terms provided in Plaintiffs' RFPs:

> 29.  "Life Event Phrases" means following words and phrases: pass* away, death, suicide, debt, trauma, life event*, lonely, depress*, machine zone, middle age*, divorc*, elder*, gambl*, and addict*.

Id. at 5.

The list of ten requested custodians, and their job titles at DoubleDown, are as follows:

1. Joe Sigrist: Senior Vice President & General Manager (current)
2. Meg Murphree: Customer Experience Supervisor (current)
3. Alex Entrikin: Senior Player Experience Ambassador (current)
4. Robert Adams: Director of Product (current)
5. Jude Cooper: Senior Player Experience Agent (current)
6. Lauren Detjen: Senior Player Ambassador (former)
7. Kyle Labarry: Senior Product Marketing Manager (current)
8. Julie Frederick: Customer Support Manager (current)
9. Shelby Nakamoto: User Acquisition Analyst (current)
10. Tara Tegtmeyer: Marketing Manager (former)

Plaintiffs served RFP No. 14 because they believe responsive documents are likely to be probative of Plaintiffs' claims that DoubleDown's operation of social casinos from within Washington constitutes an ongoing violation of the Washington Consumer Protection Act. See, e.g., Dkt. 41 ¶ 66; Dkt. 209 at 11 (summarizing Plaintiffs' claims that DoubleDown Casino is "noxious and against public policy" in Washington); Wilson v. PTT, LLC, No. 18-cv-5275, 2021 WL 211532, at *9 (W.D. Wash. Jan. 21, 2021) (describing as "viable," theory that an

injunction should issue when social casino "intentionally targets consumers who have displayed addictive tendencies in a way that is 'unfair.'").

B. DoubleDown's Objections to RFP No. 14

Here are the objections DoubleDown provided in response to RFP No. 14:

> **RESPONSE:** Double Down objects to this request as irrelevant to any parties' claim or defense and disproportionate to the needs of the case. Double Down also objects to this request because the phrase "All Communications and all Documents," as defined and applied here, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint. Double Down objects to this definition as overbroad and disproportionate to the
>
> needs of the case because it incorporates games not referenced in the Amended Complaint and not at issue in this action. Double Down will produce responsive documents only with respect to the game named in the Amended Complaint: DoubleDown Casino. Double Down objects that this request is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement. Double Down objects to the term "Life Events Phrases" as misleading and mischaracterizing of the words or phrases contained therein. Double Down will respond as to the words or phrases contained in Plaintiffs' definition. Subject to the foregoing objection and its objections to Plaintiffs' Definitions and Instructions, Double Down responds that it does not believe it is in possession of any responsive documents. Nonetheless, Double Down will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present.

See Logan Decl. ¶ 5; Ex. 2.

**C. Efforts to Reach an Informal Agreement Absent Motion Practice**

Pursuant to LCR 37(a)(1) and Fed. R. Civ. P. 37, the undersigned counsel certifies that Plaintiffs have in good faith conferred with DoubleDown in an effort to resolve the dispute without court action. Among other efforts, on March 25, 2021, Todd Logan (for Plaintiffs), Jaime Drozd Allen (for DoubleDown), and William M. Gantz (for IGT) met and conferred by telephone in an effort to reach an agreement regarding Plaintiffs' RFP Nos. 14, 15, 22, and 26. Despite good faith, substantive discussions between the Parties, no agreement could be reached.

To provide the Court additional visibility into Plaintiffs' efforts to resolve this dispute absent court intervention, Plaintiffs offer the following facts, each of which is sworn to in the attached Logan Declaration.

- On March 11, 2021, Plaintiffs informed DoubleDown via email that Plaintiffs intended to take DoubleDown's 30(b)(6) deposition as well as depositions of Alex Entrikin and Jude Cooper (two of the custodians Plaintiffs identified for RFP No. 14) in mid-to-late April. In that same email, Plaintiffs informed DoubleDown that Plaintiffs intended to move for summary judgment. Finally, Plaintiffs provided their positions as to DoubleDown's objections to RFP No. 14: "the Request is relevant, proportionate, and appropriately tailored. Unless DoubleDown agrees to promptly complete production, we intend to move to compel on the Request, as drafted."

- On March 16, 2021, DoubleDown provided alternative dates for the deposition of Alex Entrikin and Jude Cooper (again, two of the custodians Plaintiffs identified for RFP No. 14). Plaintiffs accepted those dates, and those depositions are now set for April 29 and May 4. On March 17, 2021, Plaintiffs noticed DoubleDown's Rule 30(b)(6) deposition for April 22, 2021.

- On March 16, 2021, in the same email described above, DoubleDown represented that DoubleDown would "propose custodians and search terms for collecting documents responsive to RFP Nos. 14 and 26 by one week from today." DoubleDown did not provide a date for production, stating only that it would "send [] an estimated production date as soon as we have one."

- Later on March 16, 2021, Plaintiffs responded that "[T]here is no basis for DoubleDown to propose search terms or custodians responsive on RFP No. 14. We already did so. Let's plan to discuss RFP No. 14 on Thursday's call as well, as we intend to file a motion to compel."

- On March 17, 2021, DoubleDown stated that it was "not prepared to meet and confer on Thursday" regarding RFP No. 14. In that same email, DoubleDown reneged on its previous promise to identify search terms and custodians within a week, retreating to a position that DoubleDown would "respond with Double Down's proposal" for custodians and search terms by April 9. Again, DoubleDown did not provide a date for production.

- Later on March 17, 2021, Plaintiffs responded that "there's no basis for DoubleDown to propose search terms or custodians on this request. We've provided them already; they just need to be run; and we intend to obtain these documents promptly for our planned schedule of depositions in April. Consequently, we'll be asking to discuss RFP No. 14 on tomorrow's call. I understand you may refuse to discuss, in which case we'll consider the issue ripe for the Court." DoubleDown in fact refused to discuss RFP No. 14 on the March 18, 2021 call.

- On March 22, 2021, DoubleDown again declined, in an email, to run Plaintiffs' requested search terms and custodians for RFP No. 14, and again declined to provide a date for production.

- Later on March 22, 2021, Plaintiffs wrote to DoubleDown, explaining the positions Plaintiffs would take on a March 25, 2021 telephonic meet and confer: "Please (i) confirm that DoubleDown will run the search terms we provided against the list of custodians we provided, and (ii) confirm that DoubleDown will substantially complete production of responsive (non-privileged) documents by no later than April 26, 2021. (That is three weeks after DoubleDown's opposition brief is due, and nearly seven weeks after my March 11 email.)."

- During the March 25, 2021 telephonic meet and confer, DoubleDown again declined to agree to run the search terms and custodians provided by Plaintiffs, and again declined to provide a date certain for production.

Logan Decl. ¶¶ 6-14.

### III. Argument

Plaintiffs ask the Court to compel DoubleDown to complete production of documents responsive to RFP No. 14 within seven (7) days. Responsive documents are likely to be relevant to—and, moreover, extremely probative of—Plaintiffs' claims that DoubleDown's operation of social casinos from within Washington constitutes an ongoing violation of the Washington Consumer Protection Act. *See, e.g.*, Dkt. 41 ¶ 66; Dkt. 209 at 11 (summarizing Plaintiffs' claims that DoubleDown Casino is "noxious and against public policy" in Washington). Plaintiffs have noticed the depositions of Alex Entrikin and Jude Cooper for April 29 and May 4, respectively. RFP No. 14 directly requests relevant documents from these individuals as custodians, and Plaintiffs need responsive documents in order to prepare for and conduct their depositions. Further, Plaintiffs intend to use responsive documents—in addition to testimony from Entrikin, Cooper, and additional depositions slated for May—in support of a summary judgment motion Plaintiffs presently anticipate filing shortly upon the Court's resolution of the pending certification and injunction motion.

Because responsive documents are highly likely to be relevant to Plaintiffs' CPA claims, and are specifically relevant both to the already-noticed depositions and the anticipated motion practice, DoubleDown's burden is to show that RFP No. 14 is improper. *Yohannes v. Olympic Collection Inc.*, No. 17-cv-509, 2019 WL 3974544, at *1 (W.D. Wash. Aug. 22, 2019) (Lasnik, J.) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). DoubleDown's objections—largely boilerplate—come nowhere close to meeting that burden.

Plaintiffs' request is relevant and proportional to the needs of this proposed nationwide, multi-billion dollar class action. *See* Ex. 2 at 13. There is nothing "overbroad" or "unduly burdensome" about running a pre-selected list of search terms against a pre-selected group of custodians where those terms and lists are targeted to relevant information. *See id.* DoubleDown's trifles about statutes of limitations and specific games are both incorrect (because any documents DoubleDown has created since its 2011 founding, about any of its games, are relevant to DoubleDown's knowledge of the public impact of its social casinos) and immaterial (because DoubleDown has not actually agreed to produce any documents with regard to any games). *See id.* at 12-13. DoubleDown's ESI objections are moot because the Parties long ago entered into an ESI Agreement. *See id.* at 13. There is nothing "misleading" or "mischaracterizing" about the term Life Events Phrases, given that the definition is simply a list of search terms. And there is no basis for DoubleDown to "consider" (or, for that matter, propose) search terms for RFP No. 14; Plaintiffs already provided the appropriate search terms and the appropriate custodians for this request. DoubleDown simply needs to run them.

Amongst these various objections, DoubleDown's only quasi-substantive response to RFP No. 14 (buried on lines 17-18 of DoubleDown's objections to the RFP) is that: "Double Down responds that it does not believe it is in possession of any responsive documents." *See id.* at 14, lines 8-9. But DoubleDown's subjective belief that no responsive documents are likely to exist is no substitute for actually conducting these reasonable searches. To the extent DoubleDown's claim is true, then it is difficult to see why DoubleDown has so vigorously

objected to searching for responsive documents. And in the event that representation is *not* true, Plaintiffs have to ask: what is it, exactly, that DoubleDown has for so long been so intent on hiding?

## IV. Conclusion

The Court should grant this motion, compelling DoubleDown to complete production of documents responsive to RFP No. 14 within seven (7) days. That will allow Plaintiffs sufficient time to review those documents sufficiently in advance of their April 29 and May 4 depositions of Entrikin and Cooper, as well as the anticipated Rule 30(b)(6) deposition of DoubleDown in late April or early May.

Dated: March 25, 2021                                     Respectfully submitted,

**ADRIENNE BENSON** and **MARY SIMONSON**
individually and on behalf of all others similarly situated,

Respectfully submitted,

By: /s/ Todd Logan

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300/Fax: 415.373.9435

By: /s/ Alexander G. Tievsky

Jay Edelson*
jedelson@edelson.com
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com

|   |   |
|---|---|
| 1 | Amy B. Hausmann* |
| 2 | abhausmann@edelson.com |
|   | EDELSON PC |
| 3 | 350 N LaSalle Street, 14th Floor |
|   | Chicago, IL 60654 |
| 4 | Tel: 312.589.6370 / Fax: 312.589.6378 |

By: /s/ Cecily C. Shiel

Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600

*Admitted *pro hac vice*