The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ADRIENNE BENSON and MARY SIMONSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOUBLEDOWN INTERACTIVE, LLC, a Washington limited liability company, and INTERNATIONAL GAME TECHNOLOGY, a Nevada corporation,<br><br>*Defendants*. | Case No. 18-cv-00525-RSL<br><br>**MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' RFP NO. 26**<br><br>**NOTING DATE:** May 7, 2021 |

## I. INTRODUCTION

Though Plaintiffs Adrienne Benson and Mary Simonson served DoubleDown with their First Set of Requests for Production of documents in May 2020, DoubleDown continues to insist that it cannot comply with even the most straightforward of requests—running an identified list of search terms against an identified list of custodians—until class certification and preliminary injunction briefing closes. DoubleDown likewise refuses to utilize the expedited briefing procedure provided by LCR 37(A)(2), so Plaintiffs have been left with no choice but to file another motion to compel production of documents.

This time, Plaintiffs ask the Court for an Order compelling production of documents responsive to RFP No. 26. That Request seeks documents relevant to Plaintiffs' Consumer Protection Act claim, including documents probative of how DoubleDown treats addicted

players and whether DoubleDown's business practices cause irreparable harm in violation of the public interest.

In its formal discovery responses, DoubleDown raised boilerplate and meritless objections, and in telephone and email correspondence with Plaintiffs' counsel over the past month, DoubleDown has steadfastly refused to run the searches Plaintiffs have proposed or to commit to a date certain for production. Plaintiffs urgently need responsive documents in order to prepare for upcoming depositions. For these reasons, and as set forth in more detail below, the Court should grant this motion and compel DoubleDown to complete production of responsive documents within ten (10) days.

## II.  BACKGROUND

### A.  Plaintiffs' RFP No. 26

Plaintiffs Adrienne Benson and Mary Simonson served Defendant DoubleDown with their First Set of Requests for Production of documents in May 2020. That set included the following RFP:

> **REQUEST FOR PRODUCTION NO. 26**
>
> All Communications sent to or from a VIP Host that contain any Addiction Phrases.

Dkt. #212-1 at 14. "Addiction Phrases" were defined in the RFPs as follows:

> 1. "Addiction Phrases" means the following words and phrases: addict*, continuous gaming activity, false win*, gambl*, hook*, hook, return to player, red flag*, rtp, time on device, tod, pressur*, retain*, retention*, sticky, stickiness, and whale*.

Dkt. #212-1 at 3.

Plaintiffs served RFP No. 26 because they believe responsive documents are likely to be probative of their claims that DoubleDown's operation of social casinos from within Washington constitutes an ongoing violation of the Washington Consumer Protection Act ("CPA"). *See, e.g.*, Dkt. #41 ¶ 66; Dkt. #209 at 11 (summarizing Plaintiffs' claims that DoubleDown Casino is

"noxious and against public policy" in Washington); *Wilson v. PTT, LLC*, No. 18-cv-5275-RSL, 2021 WL 211532, at *9 (W.D. Wash. Jan. 21, 2021) (describing as "viable" the theory that an injunction should issue when social casino "intentionally targets consumers who have displayed addictive tendencies in a way that is 'unfair.'").

In July 2020, DoubleDown provided the following response:

**Response to RFP No. 26**

> Double Down objects to the term "VIP Hosts," as it is misleading and mischaracterizes the job of a customer service agent. Double Down objects that this request is irrelevant, overbroad, and disproportionate to Plaintiffs' claims. Double Down also objects to Plaintiffs' definition of "relevant time period" as exceeding any possible statute of limitations; and, while Double Down does not agree that Plaintiffs' claims are subject to a four-year statute of limitations because that is the outside arguable period for which discovery is proper, nonetheless, it will respond as to the time period four years prior to the filing of the Complaint. Double Down objects that this request is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement. Double Down objects to term "Addiction Phrases" as overbroad and misleading to the extent it suggests the issue of addiction is relevant to the claims and/or that the terms it encompasses relate to addiction. Subject to the foregoing objection, Double Down responds that, after establishing how this request is relevant and not disproportionate to the needs of the case, it will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement proportional to the needs of the case and limited to non-privileged responsive documents regarding DoubleDown Casino from April 9, 2014 to the present related to Plaintiffs Benson and Simonson, to the extent any exist.

Dkt. #212-2 at 23-24.

**B. Efforts to Reach an Informal Agreement regarding RFP No. 26**

Pursuant to LCR 37(a)(1) and Fed. R. Civ. P. 37, the undersigned counsel certifies that Plaintiffs have in good faith conferred with DoubleDown in an effort to resolve the dispute without court action. Among other efforts, on March 25, 2021, Todd Logan (for Plaintiffs), Jaime Drozd Allen (for DoubleDown), and William M. Gantz (for IGT) met and conferred by telephone in an effort to reach an agreement regarding Plaintiffs' RFP No. 26 (among others).

Despite good faith discussions between the Parties, both telephonically and in the email exchanges summarized below, they could not reach an agreement.

To provide the Court additional visibility into Plaintiffs' efforts to resolve this dispute absent court intervention, Plaintiffs offer the following facts, each of which is supported by email correspondence authenticated in the attached Declaration of Todd Logan ("Logan Declaration").

- On March 11, 2021, Plaintiffs informed DoubleDown that Plaintiffs "intend to pursue the complete production of documents responsive to Plaintiffs' RFPs No. 14, 15, 22, and 26," and stated their position that each "Request is relevant, proportionate, and appropriately tailored." For RFP No. 26, Plaintiffs also explained that the requested training materials are "probative evidence of, *inter alia*, how DoubleDown deals with addicted players and whether DoubleDown's continued operation threatens irreparable harm to class members and the public at large." Plaintiffs stated that, for each Request, "[u]nless DoubleDown agrees to promptly complete production, we intend to move to compel on the Request, as drafted."

- On March 16, 2021, DoubleDown responded that it would "propose custodians and search terms [for RFP No. 26] by one week from today."

- Later on March 16, 2021, Plaintiffs stated that they would "wait for DoubleDown's proposals [of search terms and custodians for RFP No. 26] one week from today."

- On March 17, 2021, DoubleDown reneged on its previous promise to identify search terms and custodians for RFP No. 26 within a week, instead stating that DoubleDown would provide a proposal "by April 9, after class certification and preliminary injunction briefing is completed."

- Later on March 17, 2021, Plaintiffs responded that "there is no basis for DoubleDown to propose search terms for this RFP. We've provided them already; they just need to be run." Plaintiffs offered to "wait until March 26 for Defendants to propose custodians (and participate in a meet and confer . . .)," but informed Defendants that if they "fail[ed] to do so by then, we will consider the issue ripe for the Court."

- On March 22, 2021, DoubleDown again refused to run Plaintiffs' requested search terms (for RFP No. 26) until April 9, and again declined to provide a date for production.

- Later on March 22, 2021, Plaintiffs previewed the offers they would make on a March 25 telephonic meet and confer, including, as to RFP No. 26, that Plaintiffs

- would ask DoubleDown to "confirm that [it] will run the search terms we provided," "will propose an appropriate group of custodians by April 12," and "will substantially complete production of responsive (non-privileged) documents by no later than April 26, 2021."

- During the March 25, 2021 telephonic meet and confer, DoubleDown stated that it would provide DoubleDown's final position as to RFP No. 26 on the following day.

- On March 28, 2021, Plaintiffs noted that "Friday [March 26] has now come and gone, and we have not been provided DoubleDown's final positions as to any of the RFPs. Consequently, we'll be moving ahead with additional motion practice."

- Later on March 28, 2021, DoubleDown stated that it "assumed that a response was unnecessary" since Plaintiffs filed a motion to compel a response to a different request (RFP No. 14) on March 25, 2021. DoubleDown also reneged again on the proposed dates in its March 17 email, instead offering to "propose search terms and custodians for RFPs 15, 22, and 26 by April 16" and to "produce responsive, non-privileged documents to its suggested searches[] by May 11." DoubleDown also stated that "if the searches return too many documents/too much data, we will discuss with Plaintiffs to modify the terms."

- On March 29, 2021, Plaintiffs rejected DoubleDown's proposed dates since "DoubleDown should have conducted these searches and made these productions long ago." Nonetheless, Plaintiffs offered a counterproposal to "take into account the newly-raised concerns that our RFPs will locate many responsive documents." As to RFP No. 26, Plaintiffs suggested that DoubleDown "will run the search terms we provided," "will propose an appropriate group of custodians by April 12," and "will substantially complete production of responsive (non-privileged) documents by no later than April 26, 2021." Plaintiffs also proposed a sampling process in the event "our search as drafted locates more than 2,500 documents."

- On March 30, 2021, Plaintiffs offered to "agree that the list of custodians provided in RFP No. 14 is a sufficient custodian list for RFP Nos. 15, 22, and 26."

- On March 31, 2021, DoubleDown "reiterate[d its] previous proposal" to "propose search terms and custodians for RFPs 15, 22, and 26 by April 16," to "produce responsive, non-privileged documents to its suggested searches[] by May 11," and to modify the search terms if the searches "return too many documents/too much data."

- On April 1, 2021, Plaintiffs again rejected this proposal since, among other reasons, DoubleDown "has attempted to build in a blow-up provision if the searches return 'too many' documents in DoubleDown's subjective opinion, and has only agreed to 'produce' documents by May 11—not to *complete* production of responsive documents." Plaintiffs offered a "final compromise proposal." For

RFP No. 26, Plaintiffs asked DoubleDown to run the search terms provided against the 10 custodians named in RFP No. 14 and to substantially complete production by April 26, 2021. Plaintiffs also offered a sampling process in the event the search "locates more than 2,500 documents."

- On April 2, 2021, Plaintiffs asked DoubleDown if it would "agree to use the LCR 37(a)(2) Expedited Joint Motion Procedure" for RFP No. 26.

- On April 6, 2021, DoubleDown refused to use the expedited procedures of LCR 37, stating that "there is no dispute over Double Down running searches" on RFP No. 26.

Logan Decl. ¶¶ 3-4; Exhibit 1.

### III. ARGUMENT

Plaintiffs ask the Court to compel DoubleDown to complete production of documents responsive to RFP No. 26 within ten (10) days. The Request seeks documents likely to be relevant to Plaintiffs' claims that DoubleDown's operation of social casinos from within Washington constitutes an ongoing violation of the Washington Consumer Protection Act. *See, e.g.*, Dkt. #41 ¶ 66; Dkt. #209 at 11 (summarizing Plaintiffs' claims that DoubleDown Casino is "noxious and against public policy" in Washington). Specifically, RFP No. 26 seeks to obtain communcations related to terms associated with gambling addiction. For example, the request seeks communications discussing terms directly relevant to gambling addiction ("addict*" and "hook*" and "gambl[ing]") and terms directly related to gambling addict tendencies such as ("continuous gaming activity" and "time on device" or "tod"). The request also seeks communications discussing the term "whale," which is a term DoubleDown's General Manager Joe Sigrist has publicly used in reference to DoubleDown's biggest spenders. By seeking documents discussing these addiction terms, the request seeks information that will be probative of whether DoubleDown is aware of and exploits addicted gamblers and whether DoubleDown's business practices cause irreparable harm in violation of the public interest.

Plaintiffs will use responsive documents to prepare for and conduct upcoming depositions of both fact witnesses and Rule 30(b)(6) designees. For example, one of the noticed

topics for the Rule 30(b)(6) deposition of DoubleDown is "[DoubleDown's] policies for when a player indicated to [DoubleDown] that they have a gambling addiction, are addicted to [DoubleDown's] games, or otherwise are exhibiting addictive behavior within the game." *See* Logan Decl. ¶¶ 5-6; Exhibit 2; *see also* Exhibit 3 (showing current deposition schedule). Plaintiffs will also use responsive documents to support the summary judgment motion Plaintiffs anticipate filing after completion of briefing on the pending class certification and injunction motion.

Because the requested documents are relevant, it is DoubleDown's burden to show that RFP No. 26 is improper. *Yohannes v. Olympic Collection Inc.*, No. 17-cv-509, 2019 WL 3974544, at *1 (W.D. Wash. Aug. 22, 2019) (Lasnik, J.) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). DoubleDown's objections do not meet that burden. Instead, DoubleDown raises boilerplate objections that the request is "irrelevant, overbroad, and disproportionate." *See* Dkt. #212-2 at 24. DoubleDown also objects that the request "is a premature and overbroad search of ESI prior to the parties entering into an ESI agreement," and it objects to the term "Addiction Phrases" as overbroad and misleading. *Id.* Further, DoubleDown objects to the "relevant time period" as "exceeding any possible statute of limitations." *Id.* Subject to its objections, DoubleDown stated that "after establishing how this request is relevant and not disproportionate to the needs of the case, it will consider search terms related to this request as part of a search conducted pursuant to an ESI agreement . . . ." *Id.*

None of these objections justify DoubleDown's refusal to search for and produce responsive documents within a reasonable time after Plaintiffs' May 2020 service of the Request. DoubleDown's objections regarding ESI protocol are moot because the Parties long ago entered into an ESI Agreement. *See* Dkt. #124. There is nothing "overbroad" or "misleading" about the term "Addiction Phrases," given that the definition is a narrow set of search terms tailored to a relevant issue in this litigation. The complaints about statutes of limitations are incorrect because any documents, including communications, since DoubleDown's 2011 founding are relevant to

its knowledge of the public impact of its social casinos. Finally, there is no basis for DoubleDown to "consider" (or, for that matter, propose) search terms for RFP No. 26; Plaintiffs already provided the appropriate search terms—and, subsequently, acceptable custodians—for the Request. DoubleDown simply needs to run those terms on the ten custodians.

Moreover, DoubleDown's refusal to accept Plaintiffs' reasonable compromise proposal further supports an order compelling production here. The gist of DoubleDown's main complaint here is that it would be burdensome to engage in discovery and briefing at the same time, but Plaintiff's compromise proposal ameliorated any burden objection by: (i) pre-selecting search terms for DoubleDown to run, (ii) pre-selecting the same set of ten custodians proposed for RFP No. 14, (iii) offering a sampling procedure if the search terms return a large number of documents, and (iv) permitting an initial responsive document production to be limited to 2500 documents; approximately half of the number of documents Plaintiffs recently searched for and produced on one week's notice.

It appears that DoubleDown refused Plaintiffs' compromise proposal not because accepting it would be burdensome, but because DoubleDown hopes to sit its witnesses for depositions before producing the key documents to be addressed at those depositions. The Court should not permit DoubleDown to get away with that gambit.

## IV.   CONCLUSION

The Court should grant this motion, compelling DoubleDown to complete production of documents responsive to RFP No. 26 within ten (10) days.

Dated: April 22, 2021                                     Respectfully submitted,


**ADRIENNE BENSON** and **MARY SIMONSON**
individually and on behalf of all others similarly situated,


Respectfully submitted,

| | |
|---|---|
| 1 | By: /s/ Todd Logan |
| 2 | Rafey S. Balabanian* |
| | rbalabanian@edelson.com |
| 3 | Todd Logan* |
| | tlogan@edelson.com |
| 4 | Brandt Silver-Korn* |
| | bsilverkorn@edelson.com |
| 5 | EDELSON PC |
| 6 | 150 California Street, 18th Floor |
| | San Francisco, CA 94111 |
| 7 | Tel: 415.212.9300/Fax: 415.373.9435 |
| 8 | By: /s/ Alexander G. Tievksy |
| 9 | Jay Edelson* |
| 10 | jedelson@edelson.com |
| | Alexander G. Tievsky, WSBA #57125 |
| 11 | atievsky@edelson.com |
| | Amy B. Hausmann* |
| 12 | abhausmann@edelson.com |
| | EDELSON PC |
| 13 | 350 N LaSalle Street, 14th Floor |
| 14 | Chicago, IL 60654 |
| | Tel: 312.589.6370 / Fax: 312.589.6378 |
| 15 | |
| | By: /s/ Cecily C. Shiel |
| 16 | |
| 17 | Cecily C. Shiel, WSBA #50061 |
| | cshiel@tousley.com |
| 18 | TOUSLEY BRAIN STEPHENS PLLC |
| | 1700 Seventh Avenue, Suite 2200 |
| 19 | Seattle, Washington 98101-4416 |
| | Tel: 206.682.5600 |
| 20 | |
| 21 | *Admitted *pro hac vice* |

**IT IS SO ORDERED.** DoubleDown shall complete production of documents responsive to RFP No. 26 within ten (10) days.

DATED this _____ day of _____, 2021.

_____
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE