The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ADRIENNE BENSON AND MARY SIMONSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOUBLE DOWN INTERACTIVE, LLC, et al.,<br><br>Defendants. | No. 2:18-cv-00525-RSL<br><br>REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. 1292(b) AND TO STAY<br><br>**NOTED FOR CONSIDERATION: MAY 14, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR CERTIFICATION PURSUANT TO 1292(b) AND TO STAY (2:18-CV-00525-RSL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

A. The Issues Presented Are Controlling Questions of Law the Immediate Appeal of Which Will Materially Advance the Underlying Litigation. ...............................................1

B. Substantial Grounds Exist for Difference of Opinion Regarding the Issues Presented for Certification. ...................................................................................................4

C. Double Down's Motion for Certification Is Timely. .............................................................6

D. The Court Should Stay the Litigation During the Appeal. ...................................................6

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ...................................................................................................1

*Gagan v. Sharer*,
   2006 WL 3736057 (D. Ariz. Nov. 6, 2006) ...............................................................................6

*Haselton v. Quicken Loans, Inc.*,
   2008 WL 5204741 (W.D. Wash. Dec. 11, 2008) (Lasnik, J.) ....................................................4

*In re Hitachi Television Optical Block Cases*,
   2011 WL 9403 (S.D. Cal. Jan. 3, 2011) ......................................................................................5

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974) ...................................................................................................1, 2

*Marisol A. ex rel Forbes v. Giuliani*,
   104 F.3d 524 (2d Cir. 1996) .......................................................................................................6

*Orson, Inc. v. Miramax Film Corp.*,
   867 F. Supp. 319 (E.D. Pa. 1994) ..............................................................................................2

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ...................................................................................................................5

*Rahmani v. Resorts International Hotel, Inc.*,
   20 F. Supp. 2d 932 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999) ................................5

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) .....................................................................................................4

*Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*,
   202 F.3d 957 (7th Cir. 2000) .....................................................................................................6

*SEC v. Mercury Interactive, LLC*,
   2011 U.S. Dist. LEXIS 38127 (N.D. Cal. Apr. 7, 2011) ...........................................................3

*Steering Comm. v. United States*,
   6 F.3d 572 (9th Cir. 1993) .........................................................................................................2

*Thornell v. Seattle Serv. Bureau, Inc.*,
   742 F. App'x 189 (9th Cir. 2018) ..........................................................................................4, 5

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax


# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ...................................................................................................1

*Gagan v. Sharer*,
   2006 WL 3736057 (D. Ariz. Nov. 6, 2006) ...............................................................................6

*Haselton v. Quicken Loans, Inc.*,
   2008 WL 5204741 (W.D. Wash. Dec. 11, 2008) (Lasnik, J.) ....................................................4

*In re Hitachi Television Optical Block Cases*,
   2011 WL 9403 (S.D. Cal. Jan. 3, 2011) ......................................................................................5

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974) ...................................................................................................1, 2

*Marisol A. ex rel Forbes v. Giuliani*,
   104 F.3d 524 (2d Cir. 1996) .......................................................................................................6

*Orson, Inc. v. Miramax Film Corp.*,
   867 F. Supp. 319 (E.D. Pa. 1994) ..............................................................................................2

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ...................................................................................................................5

*Rahmani v. Resorts International Hotel, Inc.*,
   20 F. Supp. 2d 932 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999) ................................5

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) .....................................................................................................4

*Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*,
   202 F.3d 957 (7th Cir. 2000) .....................................................................................................6

*SEC v. Mercury Interactive, LLC*,
   2011 U.S. Dist. LEXIS 38127 (N.D. Cal. Apr. 7, 2011) ...........................................................3

*Steering Comm. v. United States*,
   6 F.3d 572 (9th Cir. 1993) .........................................................................................................2

*Thornell v. Seattle Serv. Bureau, Inc.*,
   742 F. App'x 189 (9th Cir. 2018) ..........................................................................................4, 5

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*United States v. Adam Bros. Farming, Inc.*,
    369 F. Supp. 2d 1180 (C.D. Cal. 2004) ...............................................................................1

*United States v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959) ..............................................................................................2

*Weir v. Propst*,
    915 F.2d 283 (7th Cir. 1990) (Posner, J.) ..........................................................................6

**State Cases**

*Thornell v. Seattle Serv. Bureau, Inc.*,
    184 Wn.2d 793 (2015) ........................................................................................................4

**Federal Statutes**

28 U.S.C. § 1292(b) ...............................................................................................................1, 2, 6

**Rules**

Fed. R. Civ. P. 23(f) ..................................................................................................................2, 3

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

This Court's March 19, 2021 order (the "Order") denying Defendants' Motion to Strike Nationwide Class Allegations ("Motion to Strike") should be certified under Section 1292(b) because the Order rests on a series of purely legal questions which other courts either have never considered, or have considered and come to opposite conclusions. If any of these questions are resolved in Defendant Double Down Interactive, LLC's ("Double Down") favor, it would necessitate the striking of Plaintiffs' nationwide class claims, thereby slashing Plaintiffs' putative class, and reducing any potential damages by concurrent orders of magnitude. Plaintiffs do not meaningfully dispute that the controlling law on many of these issues is unclear, or that a reversal would significantly limit the scope of litigation; nor could they. Instead, their Opposition focuses on Double Down's alleged "delay" in bringing the Motion For Certification (the "Motion"), while also arguing that immediate appeal is not necessary because Double Down can simply wait even longer and appeal after the Court resolves Plaintiffs' class certification motion. But neither argument withstands scrutiny. To the extent the Motion can be considered "delayed," that delay was caused primarily by the necessity of preparing Double Down's opposition to Plaintiffs' class certification motion, which, as Plaintiffs implicitly concede, the Court will have to re-decide if the Ninth Circuit reverses and strikes Plaintiffs' nationwide class claims. The Court should put a stop to Plaintiffs' planned "unnecessary trouble and expense" now, and grant Double Down's Motion. *United States v. Adam Bros. Farming, Inc.,* 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

### A. The Issues Presented Are Controlling Questions of Law the Immediate Appeal of Which Will Materially Advance the Underlying Litigation.

In its Motion, Double Down established that the issues identified easily meet the standards for certification because, had the Court come to the opposite conclusion on any one of them, this case would narrow from a putative class of players *from all 50 states* to players from just *one*: Washington. An issue qualifies as a "controlling question of law" if its resolution "could materially affect the outcome of litigation in the district court," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), if its erroneous resolution "would be reversible error on final appeal," *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974), or if it presents

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - 1

a question that is "serious to the conduct of the litigation." *Id.* And an appeal of those issues materially advances the underlying litigation where, applying pragmatic considerations, it would avoid protracted and expensive litigation, encourage settlement, or eliminate complex issues. *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994).

Plaintiffs do not dispute that the Court's decision on each of the issues would be reversible error on appeal, or that, as "pure legal question[s]," they are particularly well suited to resolution on Section 1292(b) appeal. *See* Mot. at 6; Dkt. 269 at 5-6; *see also Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993). Instead, faced with the significant body of case law finding choice of law issues uniquely well situated for Section 1292(b) appeal, *see e.g.*, *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) (choice of law is one of the "fundamental" questions of law subject to a 1292(b) appeal) and cases cited in Motion at 6, Plaintiffs sidestep the issue entirely. Plaintiffs argue that, even if Defendants are correct that nonresident putative class members are not entitled to a windfall under Washington's uniquely expansive definition of gambling, that is of no import, because: (i) the named Plaintiffs will pursue injunctive relief on behalf of a class of Washingtonians; (ii) Plaintiffs' counsel will refile "dozens" of "new proposed class action lawsuits in this district on behalf of single-state classes;" or (iii) the issues raised by the Motion can be resolved on a Rule 23(f) appeal following a decision on class certification. *See* Dkt. 269 at 6. All three arguments are unavailing.

First, Plaintiffs' argument that the "impact" of the injunctive relief they seek undercuts the effect of any geographic limitations placed on any certified class is a non sequitur. As an initial matter, Plaintiffs' argument presupposes that they would be able to obtain injunctive relief that would prohibit Double Down's extra-territorial conduct in states where such conduct is undeniably legal. Otherwise, it is clear that any geographic limitations placed on a certified class would indeed be impactful because any injunctive relief afforded them would be limited to Double Down's conduct with respect to Washingtonians only. Further, as detailed in Double Down's Opposition to Plaintiffs' Motion for Class Certification, Double Down already complies with all of the prospective measures Plaintiffs have sought, and this Court has approved, in three

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR CERTIFICATION PURSUANT TO 1292(b) AND TO STAY (2:18-CV-00525-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

recent settlements of other class actions, which captures the true scope of injunctive relief Plaintiffs could seek here. *See* Dkt. 280 at 4. Plaintiffs' threat to seek a more damaging and impactful level of injunctive relief as a means of escaping review is presumptuous and without support. Plaintiffs' argument also wholly ignores the monetary damages that Plaintiffs seek, the scope of which changes by orders of magnitude depending on whether only Washington residents or residents of all 50 states may recover. That variance independently creates a controlling question of law the resolution of which would materially advance the litigation.[1]

Second, Plaintiffs' threat to file dozens of single-state class actions in this district, Dkt. 269 at 6, is empty as well because it relies on the false premise that those litigations would have any merit. To the contrary, if the Ninth Circuit reverses because it finds either that constitutional concerns or choice of law rules prohibit application of Washington's laws to nonresident plaintiffs who played the Game in their home states, it would eliminate virtually all claims, except those in Washington. This is because claims on behalf of plaintiffs from other states will be analyzed under their own states' laws, the overwhelming majority of which do not consider the Game to be illegal gambling. *See* Dkt. 128 at 5-7.

Third, Plaintiffs' argument that the availability of an appeal under Fed. R. Civ. P. 23(f) obviates the need for this more immediate appeal puts the cart before the horse. Whether the Court was correct in finding that nonresident putative plaintiffs with no connection to Washington can recover under Washington's one-in-the-nation gambling law is ripe now, and discrete from most of the issues the Court will consider when it weighs the parties' certification briefing, including whether Plaintiffs can establish adequacy, numerosity, typicality and commonality. And contrary to Plaintiffs' argument, continuing on to class certification now, without the benefit of an appeal, poses a much greater risk of "wast[ing] . . . the judiciary's resources," Dkt. 269 at 5, because if the Ninth Circuit strikes Plaintiffs' nationwide class claims, this Court on remand would need to redo the entire analysis for the new, much smaller putative

---

[1] *See SEC v. Mercury Interactive, LLC*, 2011 U.S. Dist. LEXIS 38127, at *8 (N.D. Cal. Apr. 7, 2011) (where the "bulk of the damages sought against Defendants" depends on a contested issue, that issue is a controlling question of law).

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - 3

class. Because resolution of the choice of law question "would make class certification simpler and more efficient," Dkt. 132 at 2, it should be finally resolved now.

### B. Substantial Grounds Exist for Difference of Opinion Regarding the Issues Presented for Certification.

As explained in Double Down's Motion, substantial grounds for difference of opinion exist here regarding the issues presented for certification from the Court's Order because they raise "novel and difficult questions of first impression," upon which "reasonable jurists might disagree," *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), are supported by "scant" authority, or the "[t]he Ninth Circuit has not yet opined" on them. *Haselton v. Quicken Loans, Inc.*, 2008 WL 5204741, at *1 (W.D. Wash. Dec. 11, 2008) (Lasnik, J.). Plaintiffs' attempts to escape this inevitable conclusion are riddled with inconsistencies and without merit.

<u>First</u>, on the choice of law issue Double Down seeks to have certified, Plaintiffs do not dispute that *no* other court has ever before applied the RMLGA to nonresident plaintiffs. Dkt. 269 at 7-11. They also do not dispute that the only time "[t]he Ninth Circuit has . . . opined" on whether Washington's CPA should actually be applied to a nationwide class, it found that it *should not*. *See Thornell v. Seattle Serv. Bureau, Inc.*, 742 F. App'x 189 (9th Cir. 2018) ("*Thornell II*") (rejecting nationwide class claims). And the two Washington district court cases Plaintiffs cite where that *was* allowed indubitably "scant authority" make. *See* Dkt. 269 at 8.

Plaintiffs also are wrong that Double Down did "not explain where or how the Court purportedly erred in its choice-of-law analysis." Dkt. 269 at 7. As Double Down explained in its Motion, Dkt. 257 at 2-3, the Court in its Order first found that, under *Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wn.2d 793, 797-803 (2015) ("*Thornell I*"), nonresident plaintiffs may assert claims under Washington's CPA. Order at 8-10. Second, analogizing to *Thornell I*, the Court held that nonresident plaintiffs also should be able to recover under Washington's RMLGA, because that statute contains similar language to the CPA. *Id.* Third, the Court held that, because it understood *Thornell I* to stand for the proposition "that non-residents have a cause of action to sue Washington corporate defendants for allegedly deceptive acts," the intent of the

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Washington Legislature was to allow for such claims, and Sections 6(1) and (2) of the Restatement Second Conflict of Laws, which consider public policy interests, therefore also weigh in favor of application of Washington law. Order at 8-10. Because the first two of these propositions rely on scant authority, *see* Mot. at 8-10, no binding Ninth Circuit authority, or no authority at all, the third proposition, *which expressly relied on them*, inherently does too. Plaintiffs' attempt to distinguish *Thornell II* underscores the degree to which the Court's Order relied on unsettled law. *See* Dkt. 269 at 7. The Court in *Thornell II* "simply found that 'the CPA does not contain a statutory choice-of-law directive.'" *Id.* at 7-8. But in reaching its decision, the Court here relied on what it believed to be *Thornell I*'s expression of the exact opposite conclusion, and that it was "giv[ing] effect" to "the legislature's intent regarding the range of a state law" on "the out-of-state facts." Order at 9. Double Down agrees with Plaintiffs: the CPA does not express a legislative intent to apply that law to nonresident plaintiffs.

Second, Double Down also has also shown that reasonable jurists could disagree on the constitutional issues. With respect to the Dormant Commerce Clause issue, though Plaintiffs are correct that courts sometimes find extraterritorial application of state law constitutional, the law on the application of state gambling laws to nonresident plaintiffs – which vary widely, *see* Dkt. 128 at 5-10 – is unclear. This is true both as to whether application of the laws unlawfully burdens interstate commerce, and as to *where* the alleged illegal gambling conduct should be deemed to have taken place, an issue the Court did not address.[2]

Finally, Double Down also has shown there are substantial grounds for difference of opinion regarding whether *Defendants'* Due Process rights would be violated by permitting a nationwide class containing class members with an insufficient connection to Washington. Dkt. 128 at 16-24. This question is distinct from the Court's analysis on whether *Plaintiffs'* Due Process rights would be violated by such an application, *see* Dkt. 209 at 5-6.[3]

---

[2] *Compare Rahmani v. Resorts International Hotel, Inc.*, 20 F. Supp. 2d 932, 936 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999) (holding that a bet is placed when and where a party puts his money down) *with* Order at 4 (assuming a consumer who purchases chips from Double Down is engaged in a transaction in Washington).

[3] *See In re Hitachi Television Optical Block Cases*, 2011 WL 9403, at *10 (S.D. Cal. Jan. 3, 2011) (interpreting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) and holding that where there are material conflicts between the

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR CERTIFICATION PURSUANT TO 1292(b) AND TO STAY (2:18-CV-00525-RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### C. Double Down's Motion for Certification Is Timely.

"There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b)," *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000), and Plaintiffs cite no authority for their argument that 41 days qualifies as an impermissible "delay." *See generally* Dkt. 269. Indeed, courts finding delay sufficient to justify denial of a certification motion typically involve much longer delays than exist here. *See Weir v. Propst*, 915 F.2d 283, 285–87 (7th Cir. 1990) (Posner, J.) (declining jurisdiction under 28 U.S.C. § 1292(b) due to defendants' "gratuitous" and "protracted" delay of five months in seeking certification). Plaintiffs' lone cite on this point is readily distinguishable because there sufficient cause to deny the request for certification was found because the defendant had "waited nearly *fifteen months* until requesting certification." *Gagan v. Sharer*, 2006 WL 3736057, at *2 (D. Ariz. Nov. 6, 2006) (emphasis added).

Plaintiffs also notably do not argue, nor could they, that the alleged "delay" prejudiced them. *See Marisol A. ex rel Forbes v. Giuliani*, 104 F.3d 524, 529 (2d Cir. 1996) (That "plaintiffs do not suggest that" delay "prejudiced them in any way" weighs in favor of certification). Instead, as Plaintiffs acknowledge, Double Down has now for months made clear that it is struggling to respond to the many currently pending (and overlapping) deadlines in this case, many of which were of Plaintiffs' making. *See* Dkt. 269 at 2-3. And what is missing from Plaintiffs' retelling of the litigation history is Plaintiffs' own requests for relief from deadlines, *see* Dkt. 161, 236, and their role in deluging the docket and sapping Double Down's legal resources, including by belatedly demanding production of certain discovery and filing motions to compel on the same issues. *See* Dkt. 211, 244. The Motion is timely.

### D. The Court Should Stay the Litigation During the Appeal.

Because it would avoid the possibility that the Court will have to redo its class certification analysis, the Court should grant a stay pending appeal.

---

forum state's law and the laws of other states, the forum state's law cannot be applied to a nationwide class unless there is "a 'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class, [*i.e.*,] contacts 'creating state interests.'").

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2      DATED this 14th day of May, 2021

3                                              DAVIS WRIGHT TREMAINE LLP

4                                              Attorneys for Double Down Interactive, LLC

5                                              By *s/ Jaime Drozd Allen*
                                                   Jaime Drozd Allen, WSBA #35742
6                                                  Stuart R. Dunwoody, WSBA #13948
                                                   Cyrus E. Ansari, WSBA #52966
7                                                  Benjamin J. Robbins, WSBA #53376
                                                   920 Fifth Avenue, Suite 3300
8                                                  Seattle, WA 98104
                                                   Telephone: 206-757-8039
9                                                  Fax: 206-757-7039
                                                   E-mail: jaimeallen@dwt.com
10                                                 E-mail: stuartdunwoody@dwt.com
                                                   E-mail: cyrusansari@dwt.com
11                                                 E-mail: benrobbins@dwt.com

12                                                 Sean M. Sullivan (admitted *pro hac vice*)
                                                   Sarah E. Burns (admitted *pro hac vice*)
13                                                 865 South Figueroa Street
                                                   Los Angeles, CA 90017
14                                                 Telephone: 213-633-6800
                                                   Fax: 213-633-6899
15                                                 E-mail: seansullivan@dwt.com
                                                   E-mail: sarahburns@dwt.com

16
17
18
19
20
21
22
23
24
25
26
27

REPLY IN SUPPORT OF DOUBLE DOWN'S MOTION FOR
CERTIFICATION PURSUANT TO 1292(b) AND TO STAY
(2:18-CV-00525-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax