UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIENNE BENSON, *et al.*,

    Plaintiffs,

    v.

DOUBLE DOWN INTERACTIVE, LLC, *et al.*,

    Defendants.

NO. C18-0525RSL

ORDER DENYING MOTION TO CERTIFY AN INTERLOCUTORY APPEAL

This matter comes before the Court on "Defendant Double Down Interactive, LLC's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and to Stay." Dkt. # 257. Double Down requests leave to immediately appeal the Court's determination that "neither constitutional considerations nor the applicable choice-of-law rules precludes the application of Washington law to the claims asserted in this litigation, regardless where the putative class members reside," and the resulting denial of Double Down's motion to strike plaintiffs' nationwide class allegations. Dkt. # 209 at 12.[1] Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion

---

[1] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER DENYING MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL - 1

and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Certification under § 1292(b) is appropriate only if all three of the statute's requirements are met, namely that (1) the underlying order involves a controlling issue of law, (2) there is substantial ground for a difference of opinion, and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The appeal need not have a final, dispositive effect on all issues raised in the litigation as long as the district court is of the opinion that it would "materially advance the ultimate termination of the litigation." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

An immediate interlocutory appeal of the order regarding the nationwide class allegations is not warranted. While a choice of law ruling may, in many circumstances, be a controlling question of law subject to immediate appeal, that is not the case here. It is undisputed that Washington law applies to the claims of the named plaintiffs and any absent class members who reside in the State of Washington. Whether, given the facts of the case, Double Down violated Washington's Consumer Protection Act and/or Recovery of Money Lost at Gambling Act will

ORDER DENYING MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL - 2

have to be determined regardless of whether the nationwide class allegations are stricken or remain in the case. The same can be said for plaintiffs' claim for injunctive relief. While Double Down would prefer to finally resolve the issue of how many claimants it may be facing (and, by extension, the magnitude of the potential damages at issue) through an immediate appeal of the "Order Denying Motion to Strike Nationwide Class Allegations," the issue is not "controlling." If the case proceeds to trial based on the Court's ruling, the jury would determine Double Down's liability under Washington law and, if necessary, individual damages. Even if, on appeal, the Ninth Circuit disagreed with the Court's decision regarding the nationwide applicability of Washington law, the effect of a reversal would be to vacate individual damage awards for non-Washington plaintiffs. The liability determinations and other damage awards would survive unchanged. At most, an appellate decision regarding the viability of nationwide class allegations might reduce the discovery burden associated with establishing or defending individual claims for damages, but the decision would not change the facts or the law that will be presented to the jury for resolution.

Even if the Court were to assume that Double Down has identified a substantial ground for a difference of opinion with the Court's choice of law and/or constitutional determinations (it has not),[2] there is very little reason to believe that an immediate appeal from the order would materially advance the ultimate termination of the litigation. There is no indication that the

---

[2] The foundation of both determinations is the fact that the conduct being regulated occurred in the State of Washington, a fact which Double Down repeatedly glosses over and which is not captured in many, if not all, of the authority on which Double Down relies. With regards to the choice of law analysis, Double Down has not shown any error (or even debate) regarding the well-established factors relevant to the determination, their application in this case, or the Court's balance of the competing states' policies in light of Washington's compelling interest in regulating illegal gambling operations within its borders.

ORDER DENYING MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL - 3

number of Washington residents who played Double Down is so small that plaintiffs and/or their counsel would abandon this litigation,[3] and, as discussed above, the legal issues related to liability and damages would remain unchanged. While the Court recognizes that a Ninth Circuit decision regarding the size of the putative class would provide a level of certainty that might improve the chances for settlement, that incremental - and rather speculative - advancement toward termination does not justify piecemeal appellate practice in the circumstances presented here.

This is not the type of exceptional case in which an interlocutory appeal will conserve resources or promote judicial economy. The request for certification under § 1292(b) is therefore DENIED.

Dated this 29th day of June, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[3] In fact, counsel is pursuing a number of Washington-only classes against the producers of other on-line gambling games.

ORDER DENYING MOTION TO CERTIFY
AN INTERLOCUTORY APPEAL - 4