UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE BENSON and MARY SIMONSON, individually and on behalf of all others similarly situated, | Case No.  C18-0525RSL |
| Plaintiffs, | ORDER GRANTING IN PART MOTION TO SEAL (DKT. # 163) |
| v. | |
| DOUBLE DOWN INTERACTIVE, LLC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on "Plaintiffs' Motion to Seal" a limited portion of plaintiffs' motion for class certification and the entirety of Exhibit 1 to the Declaration of Todd Logan filed in support of class certification. Dkt. # 163. Plaintiffs filed the motion to seal only because defendant Double Down Interactive, LLC, designated Exhibit 1, which is briefly summarized in the motion for class certification, as "Highly Confidential - Attorneys' Eyes Only." Double Down requests that the information remain under seal because it contains "six-years' worth of individual transaction-level data including the exact date and time of the purchase, the price paid per virtual chip, the platform used to make the purchase (i.e., Facebook, Google, Apple store, etc.), and the user's unique identification number." Dkt. # 203 at 2. Disclosure of this information would, according to Double Down, allow competitors to understand "the frequency, timing and size of Double Down's customers' purchases, as well as

ORDER GRANTING IN PART
MOTION TO SEAL (DKT. # 163) - 1

the computing device type used and how these purchase characteristics have changed over time." *Id.* at 3.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). The presumption of access is "based on the need for federal courts, although independent - indeed, particularly because they are independent - to have a measure of accountability and for the public to have confidence in the administration of justice." *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2nd Cir. 1995). By making government records available for public scrutiny, the presumption of access "promot[es] the public's understanding of the judicial process and of significant public events." *Valley Broad. Co. v. U.S. Dist. Court - D. Nev*., 798 F.2d 1289, 1294 (9th Cir. 1986).

In order to overcome the presumption, the party requesting that court records be sealed generally has the burden of making a compelling showing that the public should be excluded. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

> Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a "compelling reason" is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (internal citations, alterations, and quotation marks omitted).

For purposes of the motion for class certification, the Court finds that granular information regarding individual customer purchases, tracked over time and by device, is not relevant to the factual and legal arguments at issue. Although the Court is not convinced that disclosure of the information would put Double Down at a competitive disadvantage compared

ORDER GRANTING IN PART
MOTION TO SEAL (DKT. # 163) - 2

to other on-line casino operators, Exhibit 1 was filed in the record only as support for counsel's summary graphic and is not, at this juncture, of particular interest to the Court or to the public. The Clerk of Court shall, therefore, maintain the USB drive on which Exhibit 1 is stored (*see* Dkt. # 166) under seal.

With regards to the high-level summary of the data included in the body of the motion for class certification, Double Down makes no attempt to show that the public disclosure of its success at segmenting, targeting, and monetizing its customers (all activities which Double Down acknowledges in its SEC filings) will cause competitive harm. On the other side of the scale, the information is relevant to plaintiffs' request for class certification in that it helps establish the nature of defendants' conduct, that chips are things of value, that defendants' business practices are unfair, and/or that injunctive relief is necessary. The balance between the public's interest in access and Double Down's interest in secrecy therefore tips sharply against maintaining the summary information under seal.

For all of the foregoing reasons, the motion to seal (Dkt. # 163) is GRANTED in part and DENIED in part. The Clerk of Court is directed to unseal Dkt. # 164. The USB drive submitted with Dkt. # 166 shall remain under seal.

Dated this 13th day of October, 2021.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION TO SEAL (DKT. # 163) - 3