UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE BENSON and MARY SIMONSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOUBLEDOWN INTERACTIVE, LLC, a Washington limited liability company, INTERNATIONAL GAME TECHNOLOGY, a Nevada corporation, And IGT, a Nevada corporation,<br><br>*Defendants*. | No. 18-cv-0525-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY AMAZON.COM, INC.** |

This agreement is entered into between and among nonparty Amazon.com, Inc. ("Amazon") and Adrienne Benson and Mary Simonson ("Plaintiffs"), the named plaintiffs in *Benson v. DoubleDown Interactive, LLC*, No. 18-cv-525-RSL (the "Action"). Plaintiffs and Amazon anticipate that Amazon will produce documents in this action that contain sensitive consumer information and are necessary to provide notice of the Class Action Settlement Agreement to members of the Settlement Class. This agreement is intended to supplement the protective ordered entered by the Court on July 8, 2020 (ECF No. 123) ("Protective Order").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Amazon.com, Inc. ("Rider").

**PURPOSES AND LIMITATIONS**

Amazon Protected Material designated under the terms of this Rider shall be used by the Class Action Administrator and the Parties solely for the purpose of providing notice to and verifying and paying the recovery amount owed to each member of the Settlement Class. Amazon Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

No Amazon Protected Material provided by Amazon to the Class Action Administrator under the terms of this Rider may be shared with any of the Parties, unless specifically authorized by this Rider.

It is the intention of Amazon and the Parties that this Rider will protect all materials produced by Amazon in the Action unless otherwise specified.

**DEFINITIONS**

"Class Action Administrator" means JND Legal Administration, acting as class action administrator to effect the Class Action Settlement Agreement entered.

"Class Action Settlement Agreement" means the document filed at ECF No. 508-1 in the Action.

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Amazon Protected Material" means any discovery produced by Amazon in the Action.

"Settlement Class" has the meaning provided in the Class Action Settlement Agreement.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only the Amazon Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Amazon Protected Material.

Nothing in this Rider shall prevent or restrict Amazon's own disclosure or use of its own Amazon Protected Material for any purpose, and nothing in this Rider shall preclude Amazon from showing its Amazon Protected Material to an individual who prepared the Amazon Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until Amazon agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**ACCESS TO AMAZON PROTECTED MATERIAL**

Basic Principles.  All Amazon Protected Material shall be used solely for the purpose of providing notice to and verifying and paying the recovery amount owed to members of the Settlement Class, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or

any business or competitive purpose or function. Amazon Protected Material shall not be provided, distributed, disclosed, or made available to anyone except as expressly provided in this Rider.

<u>Secure Storage, No Export</u>. Amazon Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Rider. To ensure compliance with applicable United States Export Administration Regulations, Amazon Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

<u>Legal Advice Based on Amazon Protected Material</u>.  Nothing in this Rider shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Amazon Protected Materials, provided counsel does not disclose the Amazon Protected Material itself except as provided in this Rider.

<u>Limitations</u>.  Nothing in this Rider shall restrict in any way Amazon's use or disclosure of its own Amazon Protected Material.

<u>Designation</u>.  For the avoidance of doubt, in all circumstances not specifically addressed by this Rider, all Amazon Protected Material shall be treated as if designated "CONFIDENTIAL" under the Protective Order regardless of whether the Amazon Protected Material has been stamped or marked in accordance with that Order.

**USE OF PROTECTED MATERIAL**

It is Amazon's and the Parties' intention that Amazon will produce Amazon Protected Materials directly to the Class Action Administrator, with no production to any of the Parties.

Unless otherwise ordered by the Court or authorized through the prior written consent of Amazon, the Class Action Administrator may disclose Amazon Protected Materials only to those members of the Class Action Administrator's staff, or to any copying, clerical or other support services working at the direction of the Class Action Administrator, to whom disclosure is reasonably necessary in order to provide notice to and/or to verify and pay the recovery amount

owed to members of the Settlement Class, provided that each such person to whom disclosure is made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator from disclosing to a member of the Settlement Class any Amazon Protected Material that specifically relates to that individual.

Certain Total Spending Amount: Upon receipt of the Amazon Protected Material, the Class Action Administrator may disclose to Counsel for Plaintiffs the total dollar value of domestic (*i.e.*, within the United States) net spending (spend minus any refunds) in the Applications, on the Amazon platform, from April 1, 2014 through June 30, 2022.

Certain Members of the Settlement Class: As a limited exception and subject to this Rider, as of the date of production, the Class Action Administrator may furnish to Counsel for Plaintiffs the contact information for and Lifetime Spending Amount associated with each Settlement Class Member who has a Lifetime Spending Amount of greater than or equal to $10,000.

For the avoidance of doubt, no Settlement Class Member's contact information or Lifetime Spending Amounts shall be provided to Counsel for Plaintiffs unless Counsel for Plaintiffs have been appointed by the Court as Class Counsel.

Any contact information disclosed to counsel for Plaintiffs pursuant to this section shall be used solely for the purpose of providing notice of the Class Action Settlement Agreement to members of the Settlement Class, and counsel for Plaintiffs shall disclose Contact Information only to counsel's staff, or to any copying, clerical or other support services working at the direction of counsel for Plaintiffs, to whom disclosure is reasonably necessary to provide notice to the member.  All Contact Information relating to a member of the Settlement Class shall be destroyed by counsel for Plaintiffs upon confirmation that the member has received actual notice of the Class Action Settlement.

**CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

This Rider is intended to provide no mechanism to the Parties through which they can challenge the designation or protected status of Amazon Protected Materials.

**SUBPOENAS OR COURT ORDERS**

If at any time Amazon Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Amazon and to its counsel and shall provide Amazon with an opportunity to move for a protective order regarding the production of Amazon Protected Materials implicated by the subpoena.

**FILING PROTECTED MATERIAL**

Absent written permission from Amazon or a court Order secured after appropriate notice to all interested persons, the Parties may not file or disclose in the public record any Amazon Protected Material.

**INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

In the event of a disclosure of any Amazon Protected Material pursuant to this Rider to any person or persons not authorized to receive such disclosure under this Rider, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for Amazon and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Amazon Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

Unauthorized or inadvertent disclosure does not change the status of Amazon Protected Material or waive the right to hold the disclosed document or information as Protected.

**FINAL DISPOSITION**

Not later than ninety (90) days after closure of the Final Disposition of this case, the Parties and the Class Action Administrator shall return all Amazon Protected Material to outside

counsel for Amazon or destroy such Material, at the option of Amazon.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

Counsel for Plaintiffs that has received any such Amazon Protected Material, as well as the Class Action Administrator, shall certify in writing that all such materials have been returned to counsel for Amazon or destroyed.

**MISCELLANEOUS**

Termination of Matter and Retention of Jurisdiction.  The Parties and Amazon agree that the terms of this Rider shall survive and remain in effect after the Final Disposition of the Action.  The Court shall retain jurisdiction after Final Disposition of the matter to hear and resolve any disputes arising out of this Rider.

Successors.  This Rider shall be binding upon Amazon and the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  The United States District Court for the Western District of Washington is responsible for the interpretation and enforcement of this Order.  All disputes concerning Amazon Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Washington.

Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures

of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders.

<u>Representation and Agreements Regarding Production</u>.  Amazon represents that as promptly as possible it will produce certain Amazon Protected Material, on terms agreed between Amazon and counsel for Plaintiffs, directly to the Settlement Administrator.

\*            \*            \*

Respectfully submitted,

**Dated**: January 3, 2023

By: <u>/s/ Todd Logan</u>

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300/Fax: 415.373.9435

By: <u>/s/ Alexander G. Tievsky</u>

Jay Edelson*
jedelson@edelson.com
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com
Amy B. Hausmann*
abhausmann@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370/Fax: 312.589.6378

By: <u>/s/ Cecily C. Jordan</u>
Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101

|   |   |
|---|---|
| | Tel: 206.682.5600 |
| | *Plaintiffs' Attorneys and Class Counsel* |
| | *Admitted pro hac vice |
| **Dated**: January 3, 2023 | By: /s/ Anthony S. Wisen<br>Anthony S. Wisen<br>tony@wisenlaw.com<br>LAW OFFICES OF ANTHONY S. WISEN, PLLC<br>2208 NW Market Street, #502<br>Seattle, Washington 98107<br>Tel: (206) 418-8720 |
| | *Attorneys for Nonparty Amazon.com, Inc.* |

### ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 4th day of January, 2023.

*/s/ Robert S. Lasnik*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Amazon.com, Inc. ("Rider") in *Benson v. DoubleDown Interactive, LLC*, No. 18-cv-525-RSL, United States District Court, District of Washington, Western District.  Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]