**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| ADRIENNE BENSON and MARY SIMONSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOUBLEDOWN INTERACTIVE, LLC, a Washington limited liability company, INTERNATIONAL GAME TECHNOLOGY, a Nevada corporation, and IGT, a Nevada corporation,<br><br>*Defendants*. | No. 18-cv-0525-RSL<br><br>**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS** |

WHEREAS, Plaintiffs have submitted authority and evidence supporting Class Counsel's Motion for Award of Attorney's Fees and Expenses and Issuance of Incentive Awards; and

WHEREAS, the Court, having considered the Motion and being fully advised, finds that good cause exists for entry of the Order below; therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in Class Counsel's Motion for Award of Attorney's Fees and Expenses and Issuance of Incentive Awards.

2. The Court confirms its appointment of Jay Edelson, Rafey S. Balabanian, Todd Logan, Alexander G. Tievsky, Brandt Silver-Korn, and Amy Hausmann of Edelson PC as Class Counsel.

A. **Attorney's Fees**

3. Class Counsel has requested the Court calculate their award using the percentage-of-the-fund method. Class Counsel requests the Court award $121,485,000 in attorney's fees, reflecting approximately 29.3% of the $415,000,000 Settlement Fund.

4. Class Counsel represents that the Settlement Administration Expenses are anticipated not exceed $3,000,000 from the common fund. Therefore, the requested fee award, together with the Settlement Administration Expenses and incentive awards, does not exceed 30% of the common fund. Nothing in this order shall prevent the Settlement Administrator from requesting further reimbursement, drawn exclusively from the interest accrued to the common fund, in the event of an unforeseen circumstance.

5. These requested attorney's fees, which reflect an upward departure from the 25% "benchmark" fee award in common fund cases, are fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047, 1052 (9th Cir. 2002). The Court reaches this conclusion after analyzing: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5)

the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis. *Id.* at 1048-50; *see also In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 786-87 (9th Cir. Sept. 28, 2022) (noting that courts must conduct heightened fairness inquiry and should not defer to recommendations of counsel). The Court also considered the size of the settlement fund as "one relevant circumstance" because this settlement constitutes a "megafund." *Vizcaino*, 290 F.3d at 1047; *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 932 (9th Cir. 2020) (noting that the Ninth Circuit has "not identified a bright-line definition for 'megafund,'" but that a settlement of $124.5 million qualified). Finally, the Court has taken into account the settlements reached, and fee awards requested, in the *Ferrando v. Zynga*; *Reed v. Scientific Games*; *Kater v. Churchill Downs*; *Wilson v. Playtika*; and *Wilson v. Huuuge* actions. *See In re Optical Disk Drive*, 959 F.3d at 930.

6. After consideration of all relevant factors, the Court finds that an upward departure from the 25% benchmark is justified by the exceptional result in this extraordinarily risky, novel, and hard-fought litigation. Class Counsel performed exceptional work and achieved an unparalleled result for the Class. The $415 million settlement amount is in the top 1-2% of all common fund class action settlements and reflects a sizeable portion of the damages at issue. Class Members stand to recover substantial portions of their Lifetime Spending Amount on Defendants' Applications.

7. Class Counsel further achieved exceptional non-monetary benefits for the Class. Among other things, Defendant DoubleDown has agreed to meaningful prospective relief for the Class, including by (a) placing resources related to video game behavior disorders within its applications; (b) publishing on its website a "voluntary self-exclusion policy;" and (c) enabling continued play without the requirement of continued payment.

8. This litigation was extremely risky for Class Counsel. Class Counsel worked entirely on contingency, prosecuted a line of several class actions against well-funded corporations, and pursued an entirely novel legal theory: that Defendants' internet-based "social casinos" violated Washington's "Return of Money Lost at Gambling" statute (RCW 4.24.070).

On top of this, Class Counsel defended the Class's interests before the Washington State Gambling Commission and the Washington State Legislature.

9.  Class Counsel also experienced significant burdens while litigating this case. Relevant burdens include representation on a contingency basis, especially where litigation spans many years and entails significant expense and where the intensity or difficulty of the litigation prevents counsel from pursuing different or additional work, resulting in a decline in firm income. *Vizcaino*, 290 F.3d at 1050. In addition to all the burdens associated with Class Counsel's broader campaign against the social casino industry—which undoubtedly redounded to the benefit of this Settlement Class—Class Counsel vigorously litigated this case for over four years, progressing farther in litigation than any other among Class Counsel's social casino cases, and advancing significant time and resources, and forgoing other work, in order to prevail here.

10. The market also supports Class Counsel's fee request. Class Counsel's requested fee award falls within the usual, 20-30% range recognized by Washington and Ninth Circuit courts. While these figures are higher than the Ninth Circuit benchmark (25%), and the mean percentage awarded in the Western District of Washington (27%), Class Counsel's requested fee award "is consistent with fee percentages courts across the circuits have approved in dozens of other mega-fund cases." Rubenstein Decl. ¶ 20; *see also Andrews v. Plains All Am. Pipeline L.P.*, No. 15-cv-4113-PSG-JEMX, 2022 WL 4453864 (C.D. Cal. Sept. 20, 2022) (approving 32% fee award of $230 million settlement); *In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 183285, at *2 (N.D. Cal. Jan. 14, 2016) (approving 30% fee award of $127.45 million settlement); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. MDL 3:07-MD-1827 SI, 2011 WL 7575003 (N.D. Cal. Dec. 27, 2011) (approving 30% fee award of $405.02 million settlement); *In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 1115 (D. Kan. 2018), *aff'd* No. 19-3008, 2023 WL 2262878 (10th Cir. Feb. 28, 2023) (awarding a 33.33% fee award in a $1.51 billion settlement).

11. The size of the fund does not warrant a fee reduction because all other factors weigh strongly in favor of the reasonableness of a 29.3% fee award. *Andrews*, 2022 WL

4453864, at *4 (approving 32% fee award of $230 million settlement after consideration of all factors, including size of settlement fund). Furthermore, the size of the settlement fund is the result of Class Counsel's exceptional efforts, not merely the size of the class. *In re Optical Disk Drive*, 959 F.3d at 933 (noting that a reduction may be appropriate to prevent a windfall where "the increase in recovery is merely a factor of the size of the class and has no direct relationship to the efforts of counsel."). Class Counsel's requested fee award is well-earned and would not constitute an unjustified windfall.

12. The Court is not required to conduct a lodestar cross-check, *Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 631 (9th Cir. 2020), and declines to do so here. Given the unique circumstances presented by this litigation, the Court concludes that a lodestar cross-check would not be a valuable tool to help assess the reasonableness of Class Counsel's fee request. *See* Rubenstein Decl. ¶¶ 29-30; *Andrews*, 2022 WL 4453864, at *2 (declining to conduct a lodestar cross-check "[d]ue to the exceptional circumstances of this case" and the Court's extensive involvement in supervising the litigation.).

13. The Court grants Class Counsel's request for a attorney's fee award of $121,485,000, reflecting approximately 29.3% of the $415,000,000 Settlement Fund.

**B.    Costs and Expenses**

14. Class Counsel represent that they have incurred significant costs and expenses in connection with prosecuting this action, but have decided to not seek reimbursement of those separately from their ~29.3% fee request.

15. Consequently, the Court does not award Class Counsel any amount for costs and expenses.

**C.    Incentive Awards**

16. Class Counsel requests incentive awards of $7,500 each for Adrienne Benson and Mary Simonson.

17. The requested incentive awards are fair and reasonable. Both Benson and Simonson have made substantial contributions to the Class, including stepping forward to serve

as class representatives and named Plaintiffs, staying in regular communication with Class Counsel, timely responding to requests for information, sitting for depositions, and closely reviewing the Settlement Agreement before approving it. Both also made substantial personal sacrifices for the benefit of the Class, including the fact that anyone who Googles their names now sees pages of websites talking about their involving in these lawsuits. $7,500 incentive awards are reasonable for their services. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th at 786-87; *McClintic v. Lithia Motors, Inc.*, No. 11-cv-859-RAJ, 2011 WL 13127844, at *6 (W.D. Wash. Oct. 19, 2011); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, No. 11-md-02295, 2017 WL 10777695, at *3 (S.D. Cal. Jan. 25, 2017).

### D.     Notice and Administration

18.     Class Counsel have represented that the Settlement Administrator anticipates the costs of notice and administration not to exceed $3,000,000. The Court finds that this amount, reflecting approximately .7% of the Settlement Fund, is fair and reasonable. The Court consequently approves of the Settlement Administrator recovering up to $3,000,000 for notice and administration related fees and costs. Nothing in this order shall prevent the Settlement Administrator from requesting further reimbursement, drawn exclusively from the interest accrued to the common fund, in the event of an unforeseen circumstance.

### E.     Conclusion

19.     Based on the foregoing findings and analysis, the Court:

   (i) Approves an award of $121,485,000 in attorney's fees to Class Counsel, reflecting approximately 29.3% of the Settlement Fund;

   (ii) Approves incentive awards of $7,500 each to the Class Representatives; and

   (iii) Approves up to $3 million in notice and administration costs to be recovered by the Settlement Administrator.

1   **IT IS SO ORDERED.**

2

3   DATED this 1st day of June, 2023.

4

5

6   *[signature]*
    ROBERT S. LASNIK

7   UNITED STATES DISTRICT JUDGE